**Application of George HEATH, Alfred P. Bateman, Anthony Campanile, Daniel A. Hill, Cecil W. Key, Jr., John T. Fackelman, Lewis L. Goss, and Larry E. Schleicher**

v.

**The Honorable Griffin BELL, Attorney General of the United States, et al.**

No. 77–647 Civil.

United States District Court, M. D. Pennsylvania.

Nov. 11, 1977.

**417**

George Heath, Alfred P. Bateman, Anthony Campanile, Daniel A. Hill, Cecil W. Key, Jr., John T. Fackelman, Lewis L. Goss, and Larry E. Schleicher, pro se.

Joseph Cimini, Asst. U. S. Atty., Lewisburg, Pa., for defendants.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

This habeas corpus action was filed on July 20, 1977, by ten inmates confined at the United States Penitentiary, Lewisburg, Pa. All petitioners requested permission to proceed in forma pauperis. Eight petitioners were granted permission [1] and the other two were dismissed from the action for failure to pay the filing fee. On October 4, 1977, this Court issued an order which, inter alia, dismissed that part of the complaint which attacked, generally and *in toto,* the United States Parole Commission guidelines, 41 Fed.Reg. 37322 § 2.20. Petitioners were granted fifteen (15) days to file an amended petition and supply the Court with further information. This amended petition has now been filed. I have given the petition further preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. Appendix of Rules and Forms (Supp.1977) applicable to 28 U.S.C. § 2241 cases through Rule 1(b). Petitioners Campanile, Key, Fackelman and Goss will be dismissed from the action. The claims of the remaining petitioners (Messrs. Heath, Bateman, Schleicher and Hill) will be severed pursuant to Rule 21 of the Federal Rules of Civil Procedure. All respondents except the United States Parole Commission will be dropped from each petitioner's action. Respondent will be granted 20 days to file answers regarding the four remaining petitions.

A. The dismissed petitions:

■ 1. Petitioner Campanile: Mr. Campanile has another action, Civil No. 77–598, pending in this Court regarding the same alleged parole problems. Therefore, he will be dismissed from this action.

■ 2. Petitioner Key: Mr. Key's only allegation is that the parole guidelines have been applied in his case. Since I have upheld the guidelines generally, a simple displeasure with having the guidelines applied is not actionable.

■ 3. Petitioner Fackelman: The only allegation regarding Mr. Fackelman is "The same exact events which took place in Sir Campanile's case [regarding parole] occurred here." Mr. Campanile alleged that he was given a 24-month setoff and that he need not exhaust a 28 U.S.C. § 2255 remedy because any unjust denial of parole is always a frustration of a sentencing judge's expectations. A 24-month setoff is not, in and of itself, unlawful. Also, a possible "unjust denial of parole" does not excuse the requirement of pursuing a § 2255 motion. The sentencing judge is in the best position to determine whether a sentence has in fact been frustrated. *See U. S. v. Somers,* 552 F.2d 108 (3rd Cir. 1977). Mr. Fackelman makes no specific claims as to how the Parole Commission has acted unjustly in regards to him. He will be dismissed from the action.

■ 4. Petitioner Goss: Mr. Goss claims that the Parole Commission used incorrect information in reaching their parole decision regarding him. He claims that the Commission stated that he had previously had a parole revoked, whereas the truth is that it was a state probation which had been revoked. I do not see where this is a material error or could ever require a parole decision reversal under the rational basis standard of *Zannino v. Arnold,* 531 F.2d 687 (3d Cir. 1976). Mr. Goss will be dismissed from the action.

1. Messrs. Heath, Bateman, Campanile, Key, Goss, Schleicher, Hill and Fackelman.

**418**

B. The remaining petitioners:

 The Federal Rules of Civil Procedure are applicable to federal habeas corpus cases to the extent they are appropriate and not inconsistent with the habeas corpus rules. *See* Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. Appendix of Rules and Forms (Supp.1977), applicable to 28 U.S.C. § 2241 through Rule 1(b). Rule 20 of the Federal Rules of Civil Procedure basically states that persons may join together in one action if they jointly assert a right to relief which arose out of the same transaction or series of transactions and if any question of law or fact common to all these persons will arise in the action. Rule 21 provides, inter alia, that in the case of misjoinder (i. e., when the requisites of Rule 20 are not met), parties may be dropped at any time by order of the court on its own initiative on terms that are just. As stated above, in the action now under consideration petitioners originally alleged, among other things, that the United States Parole Commission Guidelines, 28 C.F.R. § 2.20, were being unlawfully applied to all of them. Since this Court dismissed that claim, there are no longer any allegations arising out of the same transaction or series of transactions. The only connection among the claims is that they all involve decisions of the United States Parole Commission. But the same transaction requirement refers to similarity in the factual background of a claim. For instance, if two petitioners were alleging that they were unlawfully denied parole because of their mutual involvement in a certain incident, that might be an appropriate case for joinder. However, the mere fact that a parole decision is involved is not enough of a connection to satisfy the same transaction requirement.[2]

Each of the four remaining petitioners will receive his own docket number and his case will be handled separately by the Court.[3] All pleadings already filed which are relevant to each petitioner will be reproduced in his file.

Lastly, since all remaining claims involve parole decisions, the proper respondent for each petition is the United States Parole Commission. All other named respondents will be dropped from each petition.

---

**2.** The decision to sever these claims does not, of course, affect the right or ability of one prisoner to aid in the preparation of another prisoner's case.

**3.** I believe that handling the petitions in this manner will allow each petition to be more easily and fairly considered. No petitioner will have to await responses regarding another petitioner and each case can receive the individual attention and disposition that is appropriate.