130 F.3d 1348
 39 Fed.R.Serv.3d 961, 97 Cal. Daily Op. Serv. 9080,
97 Daily Journal D.A.R. 14,667
 Morris William COUGHLIN; Natalie Ekeh; Arnon Sabado;
Leonardo Garvida; Paulino Aquino; Romualdo Legaspi;
Augustus Torres; Larry Doria; Ford Gochuico; Renie
Beasley; Yookwan Awai; Teresita Gonzales; Bruce Ludwig;
Liza Laurencio; Rochelle Singh; Ted Isobe; Daniel
Barrientos; Susan Sarmiento; Gary Elomina; Marivic Aduna;
Maher Gherir; Cecilia Abad; Myrna De Guzman; Guillermo
Sy; Rosalie Pascual; Alexando Armando; Nour
Mushamel-Oranjian; Samuel Oranjian; Suzanne Pagulayan-Sy;
Rey Pagulayan-Sy; Fakhrudeen Husein; Monserrat Naguit;
Rosalio Castaneda; Remigio Santa Ana; Kristine Andrada;
Dean Andrada Jr.; Joy Andrada; Marco Flores; Luis Soto;
Mahfoud Hassan; Carolina Camacho; Nelson Pe; Emilio
Limbo; Antonio Gregorio; Barolito Evangelista; Leslie
Victoriano; Rizaldy Melo; Rebecca Lingao; and Ronald
Cortez, Plaintiffs-Appellants,
v.
Richard K. ROGERS, District Director of the Immigration and
Naturalization Service, Los Angeles District
Office; and Immigration &
Naturalization Service,
Defendants-Appellees.
 No. 96-56479.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Aug. 5, 1997.*
Decided Dec. 4, 1997.
 
 Dan E. Korenberg, Korenberg, Abramowitz & Feldun, Encino, California, for plaintiffs-appellants.
 Monica L. Miller, Assistant United States Attorney, Los Angeles, California, for defendants-appellees.
 Appeal from the United States District Court for the Central District of California; Audrey B. Collins, District Judge, Presiding. D.C. No. CV-96-01025-ABC.
 Before: HALL, and T. G. NELSON, Circuit Judges, and WINMILL,** District Judge.
 T.G. NELSON, Circuit Judge:
 
 
 1
 Morris Coughlin and forty-eight other individuals (collectively "plaintiffs") appeal the district court's order granting defendants Richard Rogers' (Director of the Immigration and Naturalization Service for the Los Angeles District Office) and the Immigration and Naturalization Service's motion to sever plaintiffs. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 I.
 
 2
 On February 12, 1996, plaintiffs filed a Complaint for a Writ in the Nature of Mandamus ("complaint") in federal district court, requesting the court to compel the defendants to adjudicate forty-nine pending applications or petitions. The complaint alleges that mandamus relief is appropriate because defendants have unreasonably delayed adjudicating plaintiffs' applications and petitions in violation of the Administrative Procedure Act ("APA") and the United States Constitution.
 
 
 3
 The plaintiffs' applications or petitions fall into six distinct categories: (1) twenty plaintiffs are United States citizens alleging the defendants have failed to adjudicate their petitions and applications on behalf of an alien spouse or child; (2) eleven plaintiffs are aliens alleging the defendants have failed to adjudicate their applications for adjustment of status based on an approved petition as an alien worker; (3) two plaintiffs are aliens alleging the defendants have failed to adjudicate their applications for adjustment of status based on their applications alleging that they followed their spouses to the United States; (4) five plaintiffs are aliens alleging the defendants have failed to timely adjudicate their applications to remove a conditional status; (5) one plaintiff is an alien alleging he was orally advised that his petition to remove the conditions on residence was denied and he would be issued an Order to Show Cause ("OSC") as to why he should not be deported, but never received an OSC; and (6) ten plaintiffs are lawful permanent residents who have applied for and are still awaiting a decision on their applications for naturalization.
 
 II.
 
 4
 On April 22, 1996, defendants filed a motion with the district court to sever the plaintiffs on the ground of misjoinder. The district court granted the motion, holding as follows:
 
 A. Standard
 
 5
 Rule 20(a) of the Federal Rules of Civil Procedure ("FRCP") permits the joinder of plaintiffs in one action if: (1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact. Anderson v. Montgomery Ward & Co., Inc., 852 F.2d 1008, 1011 (7th Cir.1988); Grayson v. K-Mart Corp., 849 F.Supp. 785, 787 (N.D.Ga.1994); See also 7 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, § 1683 at p. 443 (1986).
 
 
 6
 If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance. See FRCP Rule 21; See Brunet v. United Gas Pipeline Co., 15 F.3d 500, 505 (5th Cir.1994); F.D.I.C. v. Selaiden Builders, Inc., 973 F.2d 1249, 1253 (5th Cir.1992), cert. denied, 507 U.S. 1051, 113 S.Ct. 1944, 123 L.Ed.2d 650 (1993); Sabolsky v. Budzanoski, 457 F.2d 1245 (3d Cir.1972), cert. denied, 409 U.S. 853, 93 S.Ct. 65, 34 L.Ed.2d 96 (1972); K-Mart Corp., 849 F.Supp. at 789. In such a case, the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs "against some or all of the present defendants based on the claim or claims attempted to be set forth in the present complaint." Aaberg v. ACandS Inc., 152 F.R.D. 498, 501 (D.Md.1994).
 
 B. Analysis
 
 7
 Plaintiffs fail to satisfy both the first and second prongs of the test for permissive joinder. The first prong, the "same transaction" requirement, refers to similarity in the factual background of a claim. In this case, the basic connection among all the claims is the alleged procedural problem of delay. However, the mere allegation of general delay is not enough to create a common transaction or occurrence. Each Plaintiff has waited a different length of time, suffering a different duration of alleged delay. Furthermore, the delay is disputed in some instances and varies from case to case. And, most importantly, there may be numerous reasons for the alleged delay. Therefore, the existence of a common allegation of delay, in and of itself, does not suffice to create a common transaction or occurrence. See Harris v. Spellman, 150 F.R.D. 130, 132 (N.D.Ill.1993) (allegedly similar procedural errors do not convert independent prison disciplinary hearings into same series of transactions or occurrences when hearings involved different incidents of purported misconduct raising different issues of law).
 
 
 8
 Moreover, Plaintiffs do not allege that their claims arise out of a systematic pattern of events and, therefore, arise from the same transaction or occurrence. Plaintiffs do not allege a pattern or policy of delay in dealing with all applications and/or petitions by the INS. Rather, Plaintiffs merely claim that, in specified instances, applications and petitions have not been addressed in a timely manner. Pl.'s Compl. p 56. Thus, Plaintiffs' claims are not sufficiently related to constitute the same transaction or occurrence.
 
 
 9
 Plaintiffs also fail to satisfy the second prong of the test for permissive joinder-common questions of law or fact. As stated above, Plaintiffs do not allege that Defendants have engaged in a policy of delay. Moreover, what may constitute undue delay in one case may not be so in another case. First, each category of Plaintiffs has filed different applications, petitions, or forms. Therefore, the INS must apply different legal standards to each type of application or petition. The legal standard may require different time frames. Second, each applicant or petitioner presents a different factual situation. Therefore, each must receive personalized attention by the INS and, ultimately, by the Court. Accordingly, there can be no common issues of fact or law.
 
 
 10
 Further, although Plaintiffs' claims are all brought under the Constitution and the Administrative Procedure Act, the mere fact that all Plaintiffs' claims arise under the same general law does not necessarily establish a common question of law or fact. Clearly, each Plaintiff's claim is discrete, and involves different legal issues, standards, and procedures. Indeed, even if Plaintiffs' cases were not severed, the Court would still have to give each claim individualized attention. Therefore, the claims do not involve common questions of law or fact.
 
 
 11
 In sum, the interests of justice are not served by joinder of the Plaintiffs in this case. Rule 20 is designed to promote judicial economy, and reduce inconvenience, delay, and added expense. Guedry v. Marino, 164 F.R.D. 181, 185 (E.D.La.1995). Here, trial efficiency will not be promoted by allowing all Plaintiffs to bring a single case. Each claim raises potentially different issues, and must be viewed in a separate and individual light by the Court. Moreover, severing Plaintiffs will not prejudice any substantial right. Accordingly, the Court hereby ORDERS as follows:
 
 
 12
 1.) Defendants' motion to sever is GRANTED; and
 
 
 13
 2.) All Plaintiffs except Morris William Coughlin are DISMISSED without prejudice.
 
 
 14
 Coughlin v. Rogers, No. CV 96-1025 ABC (C.D.Cal.1996) (order granting defendants' motion to sever plaintiffs) (footnote omitted).
 
 III.
 
 15
 We review a district court's order granting severance of parties under Fed.R.Civ.P. 20 for abuse of discretion. Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir.1983); Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir.1974).
 
 
 16
 To join together in one action, plaintiffs must meet two specific requirements: (1) the right to relief asserted by each plaintiff must arise out of or relate to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all parties must arise in the action. Fed.R.Civ.P. 20(a); League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir.1977). If joined plaintiffs fail to meet both of these requirements, the district court may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance. See Fed.R.Civ.P. 21; Sabolsky v. Budzanoski, 457 F.2d 1245, 1249 (3d Cir.1972).
 
 
 17
 The district court found that the plaintiffs failed to satisfy either the first or the second requirement for joinder and that severance would not prejudice any substantial right. These findings, and the district court's order granting severance, square with Federal Rules of Civil Procedure 20 and 21 and the precedent on severance. See, e.g., Saval, 710 F.2d at 1031-32 (rejecting argument that allegations of fraud and common warranties satisfies the first prong of the joinder test); Harris v. Spellman, 150 F.R.D. 130, 132 (N.D.Ill.1993); Papagiannis v. Pontikis, 108 F.R.D. 177, 178-79 (N.D.Ill.1985) (joinder of plaintiffs not proper even though nature of defendant's alleged misrepresentation to each plaintiff was similar and each plaintiff claimed violation of the same federal law); Heath v. Bell, 448 F.Supp. 416, 418 (M.D.Pa.1977) (joinder of federal inmates alleging that the United States Parole Commission was applying its guidelines unlawfully not proper because "the mere fact that a parole decision is involved is not enough of a connection to satisfy the same transaction requirement"). Therefore, the district court's order was not an abuse of discretion and must be AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable B. Lynn Winmill, United States District Judge for the District of Idaho, sitting by designation