**Max E. HAWKINS, Plaintiff–Appellant,**

v.

**Donald L. EVANS, Secretary of Commerce, United States Department of Commerce, Defendant–Appellee.**

**No. 02–17137.**
**D.C. No. CV–00–00585–KJD(PAL).**

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 16, 2003.

R.App. P. 34(a)(2).

**160**

Before RYMER, KLEINFELD, and FISHER, Circuit Judges.

MEMORANDUM**

Max E. Hawkins appeals pro se the district court's order granting summary judgment and order denying reconsideration in Hawkins's action alleging discriminatory and retaliatory discharge. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo summary judgment, *Ray v. Henderson,* 217 F.3d 1234, 1239 (9th Cir.2000), and review for abuse of discretion denial of reconsideration, *Sch. Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1262 (9th Cir.1993). We affirm.

Because Hawkins failed to raise a genuine issue of material fact as to whether defendants' proffered reasons for his termination—that Hawkins lacked knowledge of basic administrative concepts, improperly audited and controlled payroll and personnel documents, lacked good communication with other managers, and could not perform at the level required—were pretextual, the district court properly granted summary judgment on Hawkins's age discrimination claim. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1062–63 (9th Cir.2002). Hawkins also failed to present sufficient evidence of a causal link between his complaints about discriminatory hiring practices and his termination. *See O'Day v. McDonnell Douglas Helicopter Co.,* 79 F.3d 756, 763 (9th Cir.1996).

To the extent Hawkins alleged that he was subjected to a hostile work environment, the district court properly granted summary judgment on this claim because Hawkins failed to present evidence to show severe or pervasive harassment sufficient to alter the terms of employment. *See Ray,* 217 F.3d at 1245.

The district court properly dismissed Hawkins's claim under the Federal Tort Claims Act because Hawkins failed to exhaust his administrative remedies. *See Jerves v. United States,* 966 F.2d 517, 521 (9th Cir.1992).

Because Hawkins failed to demonstrate any basis for relief from judgment, the district court did not abuse its discretion by denying Hawkins's motion for reconsideration. *See Sch. Dist. No. 1J,* 5 F.3d at 1262–63.

The district court also properly denied Hawkins's request to join Hobbs as a party under Fed.R.Civ.P. 20(a) because Hawkins's and Hobb's employment actions do not arise out of the same transaction and do not raise common questions of law or fact. *See Coughlin v. Rogers,* 130 F.3d 1348, 1350 (9th Cir.1997) (stating standard for joinder under Fed. R. Civ. Pro. 20(a)).

Hawkins's remaining contentions lack merit.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.