MEMORANDUM *
Wanda Davis appeals the district court’s order granting summary judgment in favor of the City of Seattle and Jorge Carrasco. We affirm.[1] Davis’s claims that accrued before August 28, 2003, are barred by the statute of limitations. Wash. Rev.Code § 4.96.020(4); see RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1058 (9th Cir.2002). Davis’s allegations that would, if true, establish causes of action accruing prior to August 28, 2003, are also separated by intervening events from the subsequent actions of which she complains. See Antonius v. King County, 153 Wash.2d 256, 103 P.3d 729, 733, 737 (2004). Nor does Davis point to any evidence showing that the claims “emanat[ed] from the same discriminatory animus.” Id. at 733 (internal quotation marks omitted). The alleged acts of harassment by one of Davis’s supervisors are barred because of Seattle City Light’s intervening act of transferring Davis to another station. Id. at 737.
Davis has not established a prima facie case of hostile work environment harassment because she has offered no evidence of any actions rising to the level of “harassment” that could be imputed to the defendants. See Domingo v. Boeing Employees’ Credit Union, 124 Wash.App. 71, 98 P.3d 1222,1228-29 (2004). Behavior that is “merely offensive” and not “so extreme as to amount to a change in the terms and conditions of employment” is not sufficient to escape summary judgment. Adams v. Able Bldg. Supply, Inc., 114 Wash.App. 291, 57 P.3d 280, 283-84 (2002) (citing Washington v. Boeing Co., 105 Wash.App. 1, 19 P.3d 1041, 1049 (2001)).
Davis has not established a pnma facie cáse of retaliation. Davis argues that Paul Weintraub, a Seattle City Light employee who at one point was Davis’s temporary supervisor, wanted to retaliate against Davis for her 1994 lawsuit and was in a position to “poison” her reputation and advancement in the workplace. But this allegation does not establish a “causal link between” her protected activities and any adverse action. See Tyner v. State, 137 Wash.App. 545, 154 P.3d 920, 928 (2007).
Even assuming that Davis established a prima facie case of disparate treatment or retaliation, Davis failed to put forward any evidence, direct or circumstantial, to establish that Seattle City Light’s legitimate nondiscriminatory and non-retaliatory reasons for its actions were pretexts for discrimination. See Hill v. BCTI Income Fund-I, 144 Wash.2d 172, 23 P.3d 440, 446 (2001), overruled on other grounds by McClarty v. Totem Elec., 157 Wash.2d 214, 137 P.3d 844 (2006). Davis’s speculation and conclusory statements about the feelings and motives of others do not establish a genuine issue of fact. See id. at 446, 451; Tyner, 154 P.3d at 924 (“A nonmoving party, however, may not rely on speculation, argumentative assertions *233 that unresolved factual issues remain or in having its affidavits considered at face value.”) (internal quotation marks and citation omitted); Hines v. Todd Pac. Shipyards Corp., 127 Wash.App. 356, 112 P.3d 522, 530 (Wash.Ct.App.2005) (“Nor can pretext be established by mere conclusory statements of a plaintiff who feels that he has been discriminated against.”) (internal quotation marks and citation omitted).
Davis did not rebut evidence that she and her crew were given the benefit of more overtime hours and more out-of-class hours between 2004 and 2006, than nearly all of her peers. Nor did Davis rebut Seattle City Light’s evidence that although Davis was not selected for some promotions, it only selected candidates who scored better than she and had not committed similar rules violations. Davis presented no evidence that the factual conclusions of Seattle City Light’s disciplinary investigations were in error, or that individuals who committed similar offenses were subject to less punishment. With regards to Weintraub’s involvement in the investigation which resulted in Davis’ 2006 suspension, that investigation found, among other things, “that the justifications given by Ms. Davis to Mr. Weintraub for conducting the expectations meeting were misleading; the evidence did not support Ms. Davis’ concern that Mr. Horne made homophobic or racist comments in the workplace.” Even if Davis had established a “weak issue” of fact as to pretext, summary judgment was proper because she presented no more than “[t]he mere existence of a scintilla of evidence,” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and Seattle City Light presented a “strong reason” to justify its actions, Milligan v. Thompson, 110 Wash.App. 628, 42 P.3d 418, 424 (2002), and no rational trier of fact could conclude Seattle City Light’s actions were discriminatory or retaliatory, Domingo, 98 P.3d at 1227. Davis offers no admissible evidence to establish that Seattle City Light’s superintendent, or any other supervisor, acted on a discriminatory bias against her.
For the same reasons Davis has not made out claims of disparate treatment or retaliation, she has not shown a violation of 42 U.S.C. § 1983. See Sischo-Nownejad v. Merced Cmty. Coll. Dist., 934 F.2d 1104, 1112 (9th Cir.1991).
The district court’s rulings on joinder and the various evidentiary issues were not an abuse of discretion. Cfi Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir.1997).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We grant Davis’s motion to take judicial notice.