Cesar I. CRUZ, et al., Plaintiffs,

v.

**BRISTOL MYERS SQUIBB COMPANY P.R., INC., et al., Defendants.**

Civil No. 08–1424 (FAB).

United States District Court,
D. Puerto Rico.

Jan. 28, 2010.

Frank E. Laboy–Blanc, Humacao, PR, for Plaintiffs.

Ana B. Rosado–Frontanes, Lourdes C. Hernandez–Venegas, Schuster & Aguilo LLP, San Juan, PR, for Defendants.

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

On August 29, 2008, this Court issued a Memorandum and Order ordering plaintiffs to show cause "why the court should not dismiss all co-plaintiffs except Cesar I. Cruz his wife and their conjugal partnership (the first named plaintiffs) and order the remaining plaintiffs each to file an individual complaint asserting his individual claims." (Docket No. 23 at 2) The Court explained in its Memorandum and Order that "none of the plaintiffs [appeared to] assert[s] a right to relief jointly or severally" and, moreover, "it is clear from the complaint that each plaintiff has a different story and will present different evidence." *Id.*

On September 17, 2008, the plaintiffs [1] filed a Motion in Compliance of Order (Docket No.

1. Plaintiffs are Cesar Cruz ("Cruz"), Jose Lasan-      ta ("Lasanta"), Marcelo Diaz("Diaz"), their re-

26) supporting the continued joinder of their claims. On September 26, 2008, the defendants filed their opposition brief (Docket No. 31), contending that the plaintiffs' claims require separate actions. For the following reasons, the Court finds that plaintiffs have failed to show that their claims should be joined in a single action.

## DISCUSSION

■ Rule 20(a) of the Federal Rules of Civil Procedure states that numerous individuals may join together in a single action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

Fed.R.Civ.P. 20(a); *See also, Coughlin v. Rogers,* 130 F.3d 1348, 1350 (9th Cir.1997). "In such a case, the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs against some or all of the present defendants based on the claim or claims attempted to be set forth in the present complaint." *Id.* (internal citation and quotation omitted).

In their Complaint and More Definite Statement of the Complaint ("More Definite Statement")[2], plaintiffs appear to allege that the defendants violated the following laws: the Americans with Disabilities Act ("ADA"); the Age Discrimination in Employment Act ("ADEA"); the Worker Adjustment and Worker Benefit Protection Act; the Consolidated Omnibus Budget Reconciliation Act ("COBRA"); and various local laws. (See Docket No. 1 at 5) Plaintiffs appear[3] to also raise a claim under the Employee Retirement Income Security Act ("ERISA") and a claim alleging breach of contract. (*See Id.* at 5 and 6).

The plaintiffs' argument in support of continued joinder addresses only the first prong of Rule 20(a). Without referring to any statutory authority or case law whatsoever, and without citation to the *two*-pronged standard for joinder pursuant to Rule 20(a), the plaintiffs' rationale for joinder appears to rely on the possibility that their respective harms all arose from a shared "transaction or occurrence"—a termination program. The plaintiffs argue that they filed their claims jointly "because their cause of action arises out of the same transaction or occurrence ..." (Docket No. 26 at 2). Plaintiffs identify their shared transaction or occurrence as "an involuntary termination program that, because of its intent, disparate impact and/or the way it was conceived and executed, violates the Age Discrimination in Employment Act (ADEA) and the Older Worker Benefit Protection Act (OWBPA), as well as other Commonwealth of Puerto Rico and Federal Laws." *Id.* The plaintiffs explain that they were all "part of defendant's one and only termination program," which contained identical waiver language for the plaintiffs to sign. *Id.*

spective wives, conjugal partnerships and minor children.

2. The plaintiffs submitted a More Definite Statement of the Complaint (Docket No. 19) following the defendants' request (Docket No. 14).

3. The Court twice uses the word "appear" because the plaintiffs' Complaint and More Definite Statement are confusing. On pages four and five of their More Definite Statement (Docket No. 19), the plaintiffs list the federal and state laws under which their claims arise. No claims pursuant to ERISA nor any contract claims appear in this list. Immediately following this list, however, the plaintiffs for the first time allege an ERISA claim and a breach of contract claim. The Court finds this style of claims presentation disconcerting; why offer a list of claims that does not, in fact, list all of the known claims being alleged in the pleadings? Such a list is meaningless at best, and misleading at worst. (The Court notes that the plaintiffs' presentation of their claims in the More Definite Statement is identical to their presentation in their original complaint, a presentation that defendants found too confusing to answer properly, hence their request, cited in the prior footnote, for a more definite statement of the complaint.) Although the plaintiffs' haphazard, willy-nilly presentation of claims is unclear (a lack of clarity which could certainly harm their case), the Court will endeavor to discern all claims alleged in the plaintiffs' pleading papers for the purposes of resolving the issue of plaintiffs' joinder in this opinion.

The plaintiffs thus argue that if the Court found that the same termination program resulted in the dismissal of all three plaintiffs then, regardless of the particular circumstances of each plaintiff, the Court should allow the continued joinder of their claims. The plaintiffs contend "it is clear that the issues to be presented to the Court will hinge on the termination program ... with plaintiffs' particular circumstances being secondary to the Court's evaluation of the terms of the program and how defendants executed it and to its evaluation of the language of the waiver." (Docket No. 26 at 2)

■ The plaintiffs misunderstand the entire joinder issue, boiling it down to whether all of the plaintiffs were dismissed from their jobs pursuant to the defendants' termination program. Even if the plaintiffs were dismissed by the exact same termination program, questions critical to the Rule 20(a) joinder analysis remain, such as whether plaintiffs' claims will require the same questions of law and draw upon the same facts. By focusing all of their attention on the alleged termination program the plaintiffs have failed to demonstrate sufficient questions of law or fact common to all plaintiffs to justify joinder in this action.

The Court agrees with the defendants, who argue that the plaintiffs' Complaint and More Definite Statement "contain different claims for each of the three plaintiffs which will require separate discovery, and which would more appropriately and efficiently be handled in separate cases." (Docket No. 31 at 2). As defendants carefully and persuasively explain, the "myriad of claims" alleged by plaintiffs are not all applicable to each plaintiff and, "although plaintiffs share a few facts

in common, it is clear that their claims arise from different factual backgrounds and involve distinct questions of law and fact." (Docket No. 31 at 1 and 3, respectively.) [4]

The differences among the plaintiffs' claims, even those arising pursuant to the same federal or state laws, are significant and will require distinct legal analyses. The circumstances leading to these significant differences include: only plaintiffs Cruz and Díaz allege breach of contract claims; the COBRA claims alleging that the plaintiffs were not provided with proper notice will require individualized inquiries regarding each plaintiff's notification (*Id.* at 4;); plaintiffs Diaz and Cruz were terminated on August 31, 2007 while plaintiff Lasanta was terminated nearly a year earlier, in October of 2006; only plaintiffs Cruz and Lasanta assert disability discrimination claims; the disability claims arise from different circumstances[5] which "although both for disability discrimination, involve different time-frames, different alleged disabilities and adverse actions, with potentially different decisions-makers" (*Id.* at 3).

■ The plaintiffs argue that "fragmenting" the plaintiffs' case "tip[s] the scale in favor of defendants," and insist that a ruling in favor of severance "would look as if the Court is just protecting its resources and time, which we do not doubt is its only interest." (Docket No. 26 at 4.) Plaintiffs' argument makes no sense; just as they misunderstood the joinder issue, the plaintiffs likewise misunderstand the effect of severance on judicial time and resources. Severing a joined case will actually require more judicial time and resources: three juries must be impaneled, three judges must adju-

4. As defendants rightly point out, even if the termination program was itself used to discharge each plaintiff, the existence of the program would not constitute a common fact for the purposes of a Rule 20(a) joinder analysis. Because the termination functioned differently in the discharge proceedings of each plaintiff (how the program was communicated to each plaintiff, when each plaintiff interacted with the program, how the program functioned in each plaintiff's discharge, etc.) it will also not function similarly in the analysis of the plaintiffs' claims and cannot therefore be treated as a fact common to all plaintiffs.

5. As stated by the defendants:

"In the case of Cruz, he alleges that while working for the Company he was forced to work at Building 2, even though he could not work there because of his reaction to chemicals in the building. Lasanta, on the other hand, claims that he was dismissed from employment upon returning from sick leave for back and emotional problems, without being provided reasonable accommodation."
*Id.* at 3.

dicate three cases, three dockets must be managed, etcetera. Were the Court deciding this issue solely on the basis of "protecting its resources and time" as it is accused of doing, joinder would clearly be the best route. The allocation of judicial resources, however, is not the basis upon which this Court determines the permission of joinder. Although Rule 20(a) is to be construed liberally for the sake of convenience and judicial economy, *see, e.g., Hercules Inc. v. Dynamic Export Corp.,* 71 F.R.D. 101, 106 (S.D.N.Y. 1976), the rule is not a license for unbridled joinder of unrelated claims. "If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers,* 130 F.3d 1348, 1350 (9th Cir.1997) (citing, *inter alia,* Fed.R.Civ.P. Rule 21; *Brunet v. United Gas Pipeline Co.,* 15 F.3d 500, 505 (5th Cir.1994); *F.D.I.C. v. Selaiden Builders, Inc.,* 973 F.2d 1249, 1253 (5th Cir. 1992), *cert. denied,* 507 U.S. 1051, 113 S.Ct. 1944, 123 L.Ed.2d 650 (1993); *Sabolsky v. Budzanoski,* 457 F.2d 1245 (3d Cir.1972), *cert. denied,* 409 U.S. 853, 93 S.Ct. 65, 34 L.Ed.2d 96 (1972)).

The Court also rejects plaintiffs' contention that severance will prejudice the plaintiffs; to the contrary, allowing a case that poses a potential for jury confusion and conflicts of interest among plaintiffs (i.e. the potential that one plaintiff's claim is stronger or weaker than the claim of another plaintiff) would disservice plaintiffs as much as defendants. For the sake of all parties, the Court cannot risk compromising the rights of the plaintiffs and the defendants by allowing what appears to be "three separate cases in one" [6] for the sake of plaintiffs' legal counsel. Convenience for plaintiffs' legal counsel, in fact, is the only reason this Court could imagine led to the joining of these plaintiffs' claims. Under Rule 20(a), it is clear that the plaintiffs claims ought to severed.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the claims of plaintiffs Marcelo Diaz and Jose Lasanta, and of Diaz's and Lasanta's wives, conjugal partnerships and minor children. Only the claims of plaintiff Cesar Cruz, his wife and their conjugal partnership remain. The plaintiffs' Motion to Compel (Docket No. 32) and Motion Submitting "opt in" affidavits (Docket No. 33) are now **MOOT** as a result of this memorandum and order.

**IT IS SO ORDERED.**