FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 30 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS & REHABILITATION,<br>*et al*.,<br><br>    Defendants - Appellees. | No. 10-15139<br><br>D.C. No. 2:09-cv-00784-GGH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Gregory G. Hollows, Magistrate Judge, Presiding

Argued and Submitted January 12, 2012
San Francisco, California

Before: WALLACE and M. SMITH, Circuit Judges, and RAKOFF, District
Judge.[**]

Plaintiff-Appellant John Wesley Williams appeals from the district court's

dismissal of his pro se prisoner complaint for improper joinder of parties.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jed S. Rakoff, Senior United States District Judge for
the Southern District of New York, sitting by designation.

Williams's complaint brings several causes of action against fifteen different defendants, arising from events that allegedly occurred between August 2006 to March 2007, while Williams was incarcerated. Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to address the issues raised on appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, and reverse and remand in part.

We reverse the district court's dismissal of Williams's complaint for improper joinder. Defendants may be joined in an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or *arising out of the same transaction, occurrence, or series of transactions or occurrences*; and (B) *any question of law or fact common to all defendants* will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). Williams's pro se complaint, which we construe liberally, *see Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002), sets forth sufficient allegations to meet the joinder test as to the various defendants. Moreover, the district court's dismissal of the complaint in its entirety was not proper, even if the complaint had misjoined defendants. Fed. R. Civ. P. 21 ("*Misjoinder of parties is not a ground for dismissing an action*.") (emphasis added).

2

The government urges us to affirm the dismissal on two other grounds. We reject the government's argument that the dismissal may be affirmed as a proper sanction under Federal Rule of Civil Procedure 41(b). The district court's original dismissal with leave to amend cannot be converted into a Rule 41(b) dismissal as a sanction because Williams chose not to amend the complaint, and informed the court of his choice not to do so. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064-65 (9th Cir. 2004).

We further decline to affirm the dismissal on Rule 8 and Rule 12(b)(6) grounds, except as to Defendant-Appellee California Department of Corrections and Rehabilitation (CDCR). While we affirm the district court's dismissal of CDCR on Eleventh Amendment immunity grounds, we decline to consider dismissal on Rule 8 or Rule 12(b)(6) grounds as to the other defendants, at the present time, because those grounds were not considered by the district court. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976); *see also Foti v. City of Menlo Park*, 146 F.3d 629, 638 (9th Cir. 1998). In doing so, we express no opinion as to the appropriateness of dismissing the balance of Williams's claims under Rule 8 or Rule 12(b)(6), and if it elects to do so, the district court may consider these grounds on remand. Accordingly, we affirm the dismissal of Defendant-Appellant

3

CDCR, reverse the dismissal of the complaint as to all other defendants, and remand.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, and REVERSED and REMANDED in part.**

Williams v. California Department of Corrections    10-15139

WALLACE, Senior Circuit Judge, concurring in part and dissenting in part.


     I concur with my colleagues that the district court's dismissal of the complaint in its entirety for misjoinder was not proper. However, I respectfully dissent from their view that Williams's complaint met the joinder test as to each defendant.

     The proper starting point for a joinder analysis is to begin with the first named defendant and join only those claims that can properly be joined to that defendant's claims. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Because CD-R was properly dismissed on immunity grounds, the first named defendant is Grannis.

     Grannis is implicated in almost all of the incidents in the complaint based on inmate grievances that Williams filed. But the complaint does not allege that Grannis reviewed a grievance against defendant Holmes. Because the claims against Grannis and Holmes are unrelated, I would affirm the dismissal of the claims against defendant Holmes for misjoinder.