MEMORANDUM **
Plaintiff-Appellant John Wesley Williams appeals from the district court’s dismissal of his pro se prisoner complaint for improper joinder of parties. Williams’s complaint brings several causes of action against fifteen different defendants, arising from events that allegedly occurred between August 2006 to March 2007, while Williams was incarcerated. Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to address the issues raised on appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, and reverse and remand in part.
We reverse the district court’s dismissal of Williams’s complaint for improper joinder. Defendants may be joined in an action if “(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.” Fed.R.Civ.P. 20(a)(2) (emphasis added); Coughlin v. Rogers, 130 F.3d *674 1348, 1351 (9th Cir.1997). Williams’s pro se complaint, which we construe liberally, see Thompson v. Davis, 295 F.3d 890, 895 (9th Cir.2002), sets forth sufficient allegations to meet the joinder test as to the various defendants. Moreover, the district court’s dismissal of the complaint in its entirety was not proper, even if the complaint had misjoined defendants. Fed. R.Civ.P. 21 (“Misjoinder of parties is not a ground for dismissing an action.”) (emphasis added).
The government urges us to affirm the dismissal on two other grounds. We reject the government’s argument that the dismissal may be affirmed as a proper sanction under Federal Rule of Civil Procedure 41(b). The district court’s original dismissal with leave to amend cannot be converted into a Rule 41(b) dismissal as a sanction because Williams chose not to amend the complaint, and informed the court of his choice not to do so. Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir.2004).
We further decline to affirm the dismissal on Rule 8 and Rule 12(b)(6) grounds, except as to Defendant-Appellee California Department of Corrections and Rehabilitation (CDCR). While we affirm the district court’s dismissal of CDCR on Eleventh Amendment immunity grounds, we decline to consider dismissal on Rule 8 or Rule 12(b)(6) grounds as to the other defendants, at the present time, because those grounds were not considered by the district court. See Singleton v. Wulff, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); see also Foti v. City of Menlo Park, 146 F.3d 629, 638 (9th Cir.1998). In doing so, we express no opinion as to the appropriateness of dismissing the balance of Williams’s claims under Rule 8 or Rule 12(b)(6), and if it elects to do so, the district court may consider these grounds on remand. Accordingly, we affirm the dismissal of Defendant-Appellant CDCR, reverse the dismissal of the complaint as to all other defendants, and remand.
Each party shall bear its own costs on appeal.
AFFIRMED in part, and REVERSED and REMANDED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.