WALLACE, Senior Circuit Judge,
concurring in part and dissenting in part.
I concur with my colleagues that the district court’s dismissal of the complaint in its entirety for misjoinder was not proper. However, I respectfully dissent from their view that Williams’s complaint met the joinder test as to each defendant.
The proper starting point for a joinder analysis is to begin with the first named defendant and join only those claims that can properly be joined to that defendant’s claims. See Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir.1997). Because CD-R was properly dismissed on immunity grounds, the first named defendant is Grannis.
Grannis is implicated in almost all of the incidents in the complaint based on inmate grievances that Williams filed. But the complaint does not allege that Grannis reviewed a grievance against defendant Holmes. Because the claims against Grannis and Holmes are unrelated, I would affirm the dismissal of the claims against defendant Holmes for misjoinder.