**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VALENTINE E. UNDERWOOD, | No. 15-16481 |
| Plaintiff-Appellant, | D.C. No. 1:11-cv-01710-LJO-MJS |
| v. | |
| F. GONZALEZ; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted July 26, 2016[**]

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Valentine E. Underwood, a California state prisoner, appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging retaliation and due

process claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo

a dismissal under 28 U.S.C. § 1915A.  *Hamilton v. Brown*, 630 F.3d 889, 892 (9th

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2011). We affirm.

The district court properly dismissed Underwood's retaliation claim related to his gang validation because Underwood failed to allege facts sufficient to show that defendant Turmezi had knowledge of Underwood's protected conduct or that the remaining defendants personally participated in the gang validation process. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a First Amendment retaliation claim in the prison context); *see also Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) (explaining that "[m]ere speculation that defendants acted out of retaliation is not sufficient" to show that defendants knew of protected activity.); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (liability under § 1983 requires a showing of personal participation in alleged constitutional violation, or knowledge and failure to act to prevent violation).

The district court properly dismissed Underwood's retaliation claim related to his placement in the behavioral modification unit because Underwood failed to allege facts sufficient to show that his placement was due to any protected conduct. *See Rhodes*, 408 F.3d at 567-68.

The district court properly dismissed Underwood's due process claim related to his gang validation because Underwood failed to allege sufficient facts to show that his validation was not supported by "some evidence." *See Castro v. Terhune*,

712 F.3d 1304, 1314 (9th Cir. 2013) (the "some evidence" standard requires the court to ask only "whether there is *any evidence* in the record that could support the conclusion" (citation and internal quotation marks omitted)); *Bruce v. Ylst*, 351 F.3d 1283, 1287-88 (9th Cir. 2003) (explaining the due process requirements for gang validation in the prison context).

The district court did not abuse its discretion in concluding that Underwood did not properly join defendant Robinson and unidentified prison officials involved in the denial and mishandling of Underwood's property because Underwood failed to establish that his claims arose out of the "same transaction, occurrence, or series of transactions or occurrences" and involve a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2); *see also Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (explaining the requirements for permissive joinder).

**AFFIRMED.**