NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AARON L. STRIBLING, | No. 16-16738 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00399-MCE-EFB |
| v. | |
| C. TOBIAS; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted May 8, 2017[**]

Before:    REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

California state prisoner Aaron L. Stribling appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2000). We affirm.

The district court properly dismissed Stribling's due process claim involving a rules violation because Stribling failed to allege facts sufficient to show a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 483-85 (1995) (a prisoner has no federal or state protected liberty interest when the sanction imposed neither extends the length of his sentence nor imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion in severing the excessive force claims against defendants Blessing, DeFazio, and Guffee because Stribling failed to demonstrate that these claims arose out of the "same transaction, occurrence, or series of transactions or occurrences" and involve a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2); *see also Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (setting forth standard of review and explaining the requirements for permissive joinder).

**AFFIRMED.**

16-16738