**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| KELVIN BANKS; DAVID BEVETT, "Flying with Eagles"; MARCEAU DOZE-GUILLORY; TAMANEE MUNDY; CHINY WANG,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>RYAN D. MCCARTHY, Acting Secretary, Department of the Army,<br><br>Defendant-Appellee. | Nos. 14-16670<br>14-16868<br><br>D.C. No.<br>1:11-cv-00798-LEK-KSC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted August 14, 2017**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  RAWLINSON and N.R. SMITH, Circuit Judges, and WATTERS,[***] District Judge.

Appellants Kelvin Banks (Banks), David "Flying With Eagles" Bevett (Bevett), Marceau Doze-Guillory (Doze), Tamanee Mundy (Mundy), and Chiny Wang (Wang) (Appellants)—current or former employees of the Tripler Army Medical Center (Tripler) in Honolulu, Hawaii—challenge the district court's decisions granting summary judgment in favor of the Secretary of the Department of the Army (Secretary) in their actions alleging discrimination, retaliation, and hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16 (Title VII).

On appeal, Appellants contend that (1) the International Convention on the Elimination of All Forms of Racial Discrimination, *entered into force* January 4, 1969, 660 U.N.T.S. 195 (Treaty), preempted Title VII; (2) there were triable issues of fact as to whether Appellants endured discrimination, retaliation, and/or a hostile work environment at Tripler; and (3) the district court erred in severing Wanda Thomas's claims.  We review summary judgment rulings *de novo*.  *See First Resort, Inc. v. Herrera*, 860 F.3d 1263, 1271 (9th Cir. 2017).  We review

---

[***]  The Honorable Susan P. Watters, United States District Judge for the District of Montana, sitting by designation.

decisions regarding severance for abuse of discretion. *See Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

1. The provisions of the Treaty do not preempt Title VII. *See Munoz v. Mabus*, 630 F.3d 856, 863 (9th Cir. 2010) (recognizing that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment") (citation and emphasis omitted); *see also Sosa v. Alvarez-Machain*, 542 U.S. 692, 735 (2004) (observing that non-self-executing treaties "d[o] not [] create obligations enforceable in the federal courts"); 140 Cong. Rec. S7634-02, S7634, 1994 WL 282789 (1994) ("[P]rovisions of the [Treaty] are not self-executing.").

2. No triable issues of fact existed as to whether Appellants endured discrimination, retaliation, and/or a hostile work environment at Tripler. The district court correctly determined that none of the Appellants established a *prima facie* case. *See Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 686-87, 690-91, 693 (9th Cir. 2017) (discussing the standards for proving discrimination, retaliation, and a hostile work environment under Title VII).

On appeal, none of the Appellants address the Title VII standards, or raise an argument as to how the district court erred in applying Title VII. Accordingly, any argument challenging the district court's determination that Appellants failed to make a *prima facie* case under Title VII is waived. *See Japanese Vill., LLC v. Fed.*

*Transit Admin.*, 843 F.3d 445, 455 (9th Cir. 2016).

**3.**     The district court articulated germane reasons for severing Wanda Thomas's claims. *See Coughlin*, 130 F.3d at 1351 (recognizing the district court's discretion to sever a party); *see also* Fed. R. Civ. P. 21.[1] As the district court noted, the dates of the alleged conduct concerning Thomas's claim fell outside the "time period common to the other Plaintiffs" and she was not part of the medical staff.

**AFFIRMED.**

---

[1] Rule 21 provides in pertinent part:

On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.