NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE LUIS BUENROSTRO,

Plaintiff-Appellant,

v.

DAVID FAJARDO, Assistant Warden,

Defendant-Appellee.

No. 18-15488

D.C. No.
1:14-cv-00075-DAD-BAM

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted April 9, 2019
Pasadena, California

Before: RAWLINSON and MURGUIA, Circuit Judges, and RAKOFF,** District
Judge.

Appellant is a federal prisoner serving a sentence for conspiracy to

manufacture methamphetamine. While in prison, Appellant filed a lawsuit and

several administrative grievances. Appellant alleges that the warden and various

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

other prison officials harassed and punished Appellant in retaliation for filing the lawsuit and grievances.

Appellant brought his lawsuit in federal court and consented to a magistrate judge. On three separate occasions, the magistrate judge directed Appellant to amend his petition because it did not comply with the relevant joinder rules. Appellant never corrected the issue, and the magistrate judge dismissed several defendants from the lawsuit based on Appellant's failure to meet the joinder requirements.

After dismissing several of the defendants and related claims, the magistrate judge screened what remained in Appellant's Third Amended Complaint. The magistrate judge found that Appellant failed to state a claim on which relief may be granted. The magistrate judge therefore recommended dismissal of the petition. The district court adopted the magistrate judge's report and recommendations. Appellant appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the order dismissing the Third Amended Complaint for failure to state a *Bivens* claim. *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018). We review the district court's order dismissing claims or parties based on misjoinder for abuse of discretion. *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

*Ziglar v. Abassi*, 137 S. Ct. 1843, 1857 (2017), instructs against further extensions of *Bivens* to "new" contexts. Appellant concedes that his First Amendment claim arises in a "new" context. Therefore, we analyze whether there are "special factors counselling hesitation" or whether an alternative remedial structure limits our authority to infer a new *Bivens* cause of action here. *Id*. at 1857-58.

Based on the record before us, special factors counsel against extending *Bivens* to Appellant's First Amendment claim; for example, Congress has addressed the question of prisoners' remedies in the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e. In addition, an alternative remedial structure exists, including through the Bureau of Prisons administrative grievance process. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69 (2001); *United States v. Stanley*, 483 U.S. 669, 683 (1987); *Bush v. Lucas*, 462 U.S. 367, 388 (1983). We conclude that extending *Bivens* to Appellant's First Amendment claim is not appropriate in this case.

Appellant's Complaints raised claims against several other defendants, which were dismissed as improperly joined. Persons may be joined as defendants in an action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact

3

common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The magistrate judge noted that Appellant's other claims did "not arise out of the same transactions or occurrences involving [the warden]," and dismissed the other defendants. The district court adopted the magistrate judge's recommendations. The district court did not abuse its discretion by dismissing the other defendants and related claims because Appellant failed to meet the joinder requirements.

AFFIRMED.