NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAYMOND DEAN MYERS, | No. 19-56366 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-02239-DMS-BLM |
| v. | |
| R. ARIAS, Captain of D-Yard, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| DANIEL PARAMO, Warden; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted April 20, 2021**

Before:  THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

California state prisoner Raymond Dean Myers appeals pro se from the district court's summary judgment and dismissal order in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs and other claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc) (summary judgment for failure to exhaust); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly granted summary judgment for defendant Arias because Myers did not exhaust his administrative remedies, and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (explaining that an inmate must exhaust such administrative remedies as are available before bringing suit, and describing limited circumstances in which administrative remedies are unavailable); *Albino*, 747 F.3d at 1172-73 (explaining burden shifting analysis in evaluating exhaustion at summary judgment); *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005) (confirming the requirement under the Prison Litigation Reform Act that a prisoner must exhaust administrative remedies as long as some relief is available, even if the desired relief is not available).

The district court properly dismissed Myers's claims against defendants

Paramo and Miller because Myers failed to allege facts sufficient to show that these defendants were directly involved in the challenged housing assignments or dietary decisions. *See Maxwell v. County of San Diego*, 708 F.3d 1075, 1097 (9th Cir. 2013) ("There is no respondeat superior liability under § 1983. Rather, a government official may be held liable only for the official's own conduct.").

The district court did not abuse its discretion in severing Myers's deliberate indifference claim against defendant Basto and dismissing the claim without prejudice because Myers failed to demonstrate that this claim arose "out of the same transaction, occurrence, or series of transactions or occurrences," and involved a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (setting forth standard of review and explaining the requirements for permissive joinder).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments or allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider issues that are not supported by argument. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992).

We reject as unsupported by the record Myers's contentions that he was denied due process, and that the district court erred by issuing the severance order

while an extension of time to respond to the motion was pending and by denying

Myers's request for sanctions.

All pending requests, set forth in the opening and reply briefs, are denied.

**AFFIRMED.**