**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOL JAFFE, | No. 11-17849 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01839-NVW |
| v. | |
| HSBC NORTH AMERICA HOLDINGS INCORPORATED; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Sol Jaffe appeals pro se from the district court's judgment dismissing his

action alleging various claims, including under the Fair Credit Reporting Act

("FCRA"), arising from the reporting of negative items on his credit report.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Jaffe's claims against defendant HSBC North America Holdings Inc. because Jaffe failed to allege "enough facts to state a claim to relief that is plausible on its face." *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (citation and internal quotation marks omitted); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (under the FCRA, 15 U.S.C. § 1681s-2(a) does not create a private right of action and the duties under § 1681s-2(b) arise only after the furnisher of financial information receives notice of the consumer's dispute from a credit reporting agency). Moreover, Jaffe was granted leave to amend but declined to do so.

The district court did not abuse its discretion by dismissing without prejudice the remaining defendants for improper joinder because Jaffe failed to establish that his claims against all defendants arose out of the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2); *see also Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (standard of review).

The district court did not abuse its discretion by denying Jaffe's motion for reconsideration because Jaffe failed to establish grounds for such relief. *See Sch.*

*Dist. No. 1J, Multnomah Cnty., Or., v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

The district court did not abuse its discretion by denying Jaffe's recusal motion because Jaffe failed sufficiently to allege that the district judge had a personal bias or prejudice against him. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994) (explaining that "judicial rulings" and "expressions of impatience, dissatisfaction, annoyance, and even anger" are generally not grounds for establishing bias or impartiality); *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (standard of review).

Jaffe's contentions regarding defendants' "status" in the case are unpersuasive.

Jaffe's motion to dismiss defendant Experian Information Solutions Inc., submitted on May 11, 2012, is granted. The joint motion to dismiss defendant Merrick Bank Corporation, filed on October 9, 2012, is granted. Jaffe's motion to dismiss defendant Bank of America, NA, filed on December 10, 2012, is granted. Jaffe's request for judicial notice, set forth in his reply brief, is denied.

**AFFIRMED.**

11-17849