NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 1 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT M. RUBINO; et al., | No. 16-15708 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-05553-EJD |
| v. | |
| WILLIAM Q. HAYES, District Judge for the Southern District of California; et al., | MEMORANDUM * |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted February 14, 2017**

Before: GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

California state prisoner Robert M. Rubino appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of judgment on the pleadings. *Cafasso, U.S. ex rel. v. Gen.*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053 (9th Cir. 2011). We affirm.

The district court properly granted judgment on the pleadings on the basis that Rubino's action is *Heck*-barred because success on Rubino's claims would necessarily imply the invalidity of his conviction. *See Whitaker v. Garcetti*, 486 F.3d 572, 583-84 (9th Cir. 2007) (irrespective of the relief sought, *Heck* bars § 1983 claims that would necessarily imply the invalidity of a conviction, unless the plaintiff can show that the conviction has been invalidated).

The district court did not abuse its discretion in denying joinder of Doe plaintiffs to Rubino's action because Rubino failed to establish that plaintiffs meet the requirements of permissive joinder. *See* Fed. R. Civ. P. 20(a)(1) (plaintiffs may be joined in an action if they "assert any right to relief . . . arising out of the same transaction, occurrence, or series of transactions or occurrences" and a "question of law or fact common to all plaintiffs will arise in the action"); *see also Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (explaining the requirements for permissive joinder).

The district court did not abuse its discretion in denying Rubino's motion for class certification because Rubino was not an adequate class representative. *See* Fed. R. Civ. P. 23(a)(4) (requiring that class representative be able to "fairly and adequately protect the interests of the class"); *C.E. Pope Equity Trust v. United*

16-15708

*States*, 818 F.2d 696, 697 (9th Cir. 1987) (lay person lacks authority to appear as an attorney for others).

We lack jurisdiction to consider the district court's post-judgment order revoking Rubino's in forma pauperis status on appeal because Rubino failed to file an amended or separate notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days after entry of the order appealed from); *see also Whitaker*, 486 F.3d at 585 (appellant generally must file a separate notice of appeal or amend a previously filed notice of appeal to secure review of a post-judgment order).

We reject as without merit Rubino's contention that the denial of habeas relief denied him and Doe plaintiffs access to the courts.

We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**