NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH ANTONETTI, Plaintiff-Appellant, v. FOSTER; et al., Defendants-Appellees. | No. 15-17187 D.C. No. 3:14-cv-00495-JAD-VPC MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted May 24, 2017[**]

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

Nevada state prisoner Joseph Antonetti appeals pro se from the district

court's order dismissing for failure to comply with a court order his 42 U.S.C.

§ 1983 action alleging numerous constitutional and statutory violations.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063 (9th Cir. 2004). We affirm.

Because the record shows that Antonetti stood on his first amended complaint, the district court abused its discretion by converting the 28 U.S.C. § 1915A dismissal of Antonetti's claims into a Federal Rule of Civil Procedure 41(b) sanction. *See id*. at 1064-65 (dismissal under Rule 41(b) is not appropriate where the plaintiff makes an affirmative choice not to amend the complaint).

Nevertheless, dismissal of Antonetti's first amended complaint under 28 U.S.C. § 1915A was proper because the first amended complaint did not comply with Federal Rules of Civil Procedure 8(a) and 20(a). *See Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011) (describing requirements of Rule 8(a)); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (describing requirements for permissive joinder of parties under Rule 20(a)); *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (setting forth standard of review).

The district court properly denied Antonetti's motion for class certification because, as a pro se litigant, Antonetti has no authority to represent anyone other than himself. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th

2                                                          15-17187

Cir. 1987) ("Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. . . . He has no authority to appear as an attorney for others than himself." (citation omitted)).

The district court did not abuse its discretion by denying Antonetti's motion for appointment of counsel because Antonetti failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and exceptional circumstances requirement for appointment of counsel).

**AFFIRMED.**