**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLA VISENDI; 159 OTHER NAMED INDIVIDUALS,<br><br>*Plaintiffs-Appellees*,<br><br>v.<br><br>BANK OF AMERICA, N.A.; COUNTRYWIDE FINANCIAL CORPORATION; BANK OF NEW YORK MELLON CORPORATION; COUNTRYWIDE HOME LOANS, INC.; BAC HOME LOANS SERVICING; RECONTRUST COMPANY, NA; AURORA LOAN SERVICES LLC; BANK OF THE WEST, a California State Banking Corporation; FEDERAL HOME LOAN MORTGAGE CORPORATION; FEDERAL NATIONAL MORTGAGE ASSOCIATION; GREENTREE SERVICING, LLC; HSBC BANK USA, N.A.; UBS REAL ESTATE SECURITIES, INC; US BANK, NA; WELLS FARGO BANK, N.A.,<br>*Defendants-Appellants*. | No. 13-16747<br><br>D.C. No.<br>2:11-cv-02413-MCE-GGH<br><br>OPINION |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Argued and Submitted
October 7, 2013—San Francisco, California

Filed October 23, 2013

Before: Dorothy W. Nelson, Milan D. Smith, Jr.,
and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

## SUMMARY[*]

### Class Action Fairness Act / Removal

The panel reversed the district court's order remanding the case to state court after it was removed to federal court under the mass action provisions of the Class Action Fairness Act.

The panel held that because more than 100 named plaintiffs proposed a joint trial, and because the Class Action Fairness Act's ("CAFA") other prerequisites were satisfied, this action was properly removed from state to federal court. The panel declined to consider plaintiffs' argument concerning CAFA's "local controversy" exception because

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

plaintiffs failed to raise it before the district court, and the exception is not jurisdictional. Under the permissive joinder provisions of Federal Rule of Civil Procedure 20(a), the panel held that the First Amended Complaint did not present common questions of law and fact, and remanded with instructions to dismiss without prejudice the claims of all plaintiffs but the first named plaintiff.

## COUNSEL

Douglas E. Winter (argued), Bryan Cave LLP, Washington, D.C.; Robert E. Boone III, Nafiz Cekirge, and Brian J. Recor, Bryan Cave LLP, Santa Monica, California, for Defendants-Appellants.

Kristin Day (argued) and Jamie Edwards Quadra (argued), Quadra Day, PC, Roseville, California, for Plaintiffs-Appellees.

## OPINION

M. SMITH, Circuit Judge:

In this appeal, we address whether Defendants-Appellants (Defendants) properly removed a 137-plaintiff action from state court to federal court under the Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2, 119 Stat. 4 (2005). We also consider whether Plaintiffs-Appellees (Plaintiffs) are misjoined under Federal Rule of Civil Procedure 20(a). We answer both questions in the affirmative. Accordingly, we reverse the order of the district court, and remand with

instructions to dismiss without prejudice the claims of all Plaintiffs but the first named Plaintiff, Carla Visendi.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 17, 2011, 137 named plaintiffs sued 25 financial institutions in the Sacramento County Superior Court. Plaintiffs alleged, among other things, that the institutions' deceptive mortgage lending and securitization practices decreased the value of their homes, impaired their credit scores, and compromised their privacy. They asserted eight state law causes of action: rescission, fraudulent concealment, intentional and negligent misrepresentation, invasion of privacy, and violation of California Civil Code §§ 2923.5, 1798.82, and 2924.

On September 12, 2011, Bank of America Corporation and Bank of America, N.A. (together, Bank of America) removed this case to the United States District Court for the Eastern District of California. Relying on CAFA, Bank of America argued that this action was a removable "mass action" because it was a "civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact . . . ." 28 U.S.C. § 1332(d)(11)(B)(i).

After removal, Plaintiffs obtained leave from the district court to file a First Amended Complaint.[1] The First Amended

---

[1] Plaintiffs filed a motion to remand on September 29, 2011, shortly after removal. Rather than disputing the propriety of removal under CAFA, Plaintiffs urged the district court to decline to exercise jurisdiction "based

Complaint added and dropped multiple parties, resulting in a total of 160 named plaintiffs asserting claims against 15 defendants. Further, Plaintiffs abandoned their original causes of action and asserted three new state-law claims: invalid assignment, mistake, and negligence. In the First Amended Complaint, Plaintiffs alleged that Defendants engaged in deceptive and unscrupulous mortgage lending and securitization practices, and that Bank of America mismanaged their applications for loan modifications. As was true of the allegations in the original complaint, the named plaintiffs resided in or owned many unrelated properties throughout the country, and obtained loans from many different financial institutions.

Defendants moved to dismiss the First Amended Complaint, asserting misjoinder and failure to state a claim. Plaintiffs opposed the motion, arguing that Defendants waived their right to contest joinder when they removed the case to federal court under CAFA. Plaintiffs argued in the alternative that the district court should remand this case to state court because "jurisdiction is doubtful."

On October 17, 2012, the district court directed Defendants to "explain to the Court what common question of law or fact existed when the case was removed from state court pursuant to CAFA, and why, according to Defendants, there is no longer a common question of law or fact such that the parties are now improperly joined under Rule 20."

By Memorandum and Order dated December 20, 2012, the district court remanded this case to state court, and denied

upon abstention principles." The district court denied this motion, and Plaintiffs do not challenge this ruling on appeal.

Defendants' motion to dismiss as moot. According to the district court, Defendants conceded that this action was not removable when they argued that it did not present common questions of law or fact under Rule 20(a). Concluding that the case did not present such common questions, the district court determined that it lacked jurisdiction under CAFA.

Defendants timely petitioned for permission to appeal under 28 U.S.C. § 1453(c). We granted Defendants' petition. "Consistent with Congress's mandate, this decision is being rendered 'not later than 60 days' from that grant." *Kuxhausen v. BMW Fin. Servs. NA*, 707 F.3d 1136, 1139 (9th Cir. 2013) (quoting 28 U.S.C. § 1453(c)).

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction under 28 U.S.C. § 1453(c). We review a district court's order remanding a case to state court after removal de novo. *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1090 (9th Cir. 2010) (citing *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020 (9th Cir. 2007)). "We review the construction, interpretation, or applicability of CAFA de novo." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) (quoting *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 846–47 (9th Cir. 2011) (internal quotation marks omitted)).

## DISCUSSION

## I.  Applicability of CAFA

"Congress passed [CAFA] 'primarily to curb perceived abuses of the class action device which, in the view of

CAFA's proponents, had often been used to litigate multi-state or even national class actions in state courts.'" *United Steel*, 602 F.3d at 1090 (quoting *Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 952 (9th Cir. 2009)).  In furtherance of this objective, "CAFA wrought several changes to the Judicial Code, including amending the federal diversity statute, 28 U.S.C. § 1332(d)(2), and liberalizing the requirements governing removal from state court, 28 U.S.C. § 1453."  *Westwood Apex v. Contreras*, 644 F.3d 799, 801 (9th Cir. 2011).  "CAFA also covers more than traditional class actions by providing for removal of 'mass actions.'" *United Steel*, 602 F.3d at 1091 (citing *Tanoh*, 561 F.3d at 952).  This appeal concerns such a mass action.

Subject to certain other requirements, CAFA confers jurisdiction on federal courts over civil actions "in which monetary relief claims of 100 or more persons are *proposed* to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact . . . ."  28 U.S.C. § 1332(d)(11)(B)(i) (emphasis added).  Because more than 100 named plaintiffs proposed a joint trial here, and because CAFA's other prerequisites were satisfied, this action was properly removed.

### A.  Proposal for a Joint Trial

Plaintiffs acknowledge that their initial complaint proposed a joint trial in state court.  Nevertheless, the district court concluded that because Plaintiffs' claims did not present common questions of law or fact, "Defendants' removal under the CAFA mass action provision was improper."  Because Defendants filed a post-removal motion to dismiss for misjoinder, the district court accused them of "gamesmanship and bad faith."

The district court misinterpreted CAFA. In construing the provisions of a statute, "our inquiry begins with the statutory text, and ends there as well if the text is unambiguous." *In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1180 (9th Cir. 2013) (quoting *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009)). CAFA's text is unambiguous in this respect. "[B]y its plain language, CAFA's 'mass action' provisions apply only to civil actions in which 'monetary relief claims of 100 or more persons are *proposed* to be tried jointly.'" *Tanoh*, 561 F.3d at 956 (quoting 28 U.S.C. § 1332(d)(11)(B)(i)) (emphasis added). Because Plaintiffs proposed a joint trial in state court, Defendants properly removed this case.

Whether Plaintiffs' claims ultimately proceed to a joint trial is irrelevant. It is well settled that "post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing." *United Steel*, 602 F.3d at 1091–92. When, for example, "a defendant properly remove[s] a putative class action at the get-go, a district court's subsequent denial of Rule 23 class certification does not divest the court of jurisdiction, and it should not remand the case to state court." *Id.* at 1092. Similarly here, the district court's post-removal conclusion that Plaintiffs' claims were improperly joined does not affect the court's jurisdiction, because—at the time of removal—Plaintiffs proposed a joint trial. The district court's conclusion to the contrary was erroneous.[2]

---

[2] Plaintiffs' argument that "the purpose of CAFA . . . is not well served by allowing Defendants to immediately remove the case and then move to dismiss for misjoinder," Appellees' Br. at 16, is contradicted by the plain language of CAFA. *See* 28 U.S.C. § 1332(d)(11)(B)(i).

Our recent decision in *Romo v. Teva Pharmaceuticals USA, Inc.*, —F.3d—, 2013 WL 5314334 (9th Cir. Sept. 24, 2013), does not suggest otherwise. In *Romo*, we held that plaintiffs did not propose a joint trial when they moved to coordinate several state-court cases, each with fewer than 100 plaintiffs, for pretrial purposes. *Id.* at *3. In so holding, we reaffirmed that "plaintiffs are the 'masters of their complaint,' and do not propose a joint trial simply by structuring their complaints so as to avoid the one hundred-plaintiff threshold." *Id.* (citing *Tanoh*, 561 F.3d at 953, 956).

Here, unlike in *Romo*, Plaintiffs filed a single state-court complaint that named well over 100 plaintiffs. On its face, the complaint provides that "Plaintiffs, and each of them, demand a jury trial . . . ." Plaintiffs further alleged that they were victims of a "common plan and scheme," and they specifically sought damages "in excess of $75,000 each, the specific amount to be determined at trial." Accordingly, Plaintiffs' initial complaint presented "monetary relief claims of 100 or more persons . . . proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact . . . ." 28 U.S.C. § 1332(d)(11)(B)(i).

## B. Numerosity

This action also satisfies CAFA's numerosity requirement. To be a removable "mass action," a state-court action must involve "claims of 100 or more persons . . . ." 28 U.S.C. § 1332(d)(11)(B)(i). Because the initial complaint named 137 plaintiffs, this action was properly removed.

Although they did not challenge numerosity in the district court, Plaintiffs now contend that their initial complaint did not involve claims of 100 or more persons. They observe that

the initial complaint concerned only ninety-five properties, and that many of the named plaintiffs were included only in their capacities as "spouses or other related titleholders to the propert[ies]." Appellees' Br. at 9. Citing the principle that federal courts must "rest jurisdiction only upon the citizenship of real parties to the controversy," *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980), Plaintiffs argue that there were only ninety-five "real" state-court plaintiffs because the initial complaint concerned only ninety-five properties.

We address Plaintiffs' numerosity argument because it relates to subject matter jurisdiction. *See Sentry Select Ins. Co. v. Royal Ins. Co. of Am.*, 481 F.3d 1208, 1217 (9th Cir. 2007). But the argument is unavailing. First, the language of CAFA concerns "persons," not properties. 28 U.S.C. § 1332(d)(11)(B)(i). Because the initial complaint named 137 "persons" as plaintiffs, it satisfied CAFA's numerosity requirement. Second, Plaintiffs' assertion that "only one claim exists per property," Appellees' Br. at 10 (emphasis omitted), is inaccurate. At least four of Plaintiffs' original claims—fraudulent concealment, intentional and negligent misrepresentation, and violation of privacy—relate expressly to each named plaintiff. Accordingly, all named plaintiffs were "real parties to the controversy," *Navarro*, 446 U.S. at 461, and the district court had jurisdiction under CAFA.

## C.  Local Controversy Exception

On appeal, Plaintiffs argue for the first time that CAFA's "local controversy" exception, 28 U.S.C. § 1332(d)(4)(A), precludes federal jurisdiction. Under this exception, "a 'district court shall decline to exercise jurisdiction' over a class action [or mass action] in which the plaintiff class and

at least one defendant meet certain characteristics that essentially make the case a local controversy." *Serrano*, 478 F.3d at 1022 (quoting 28 U.S.C. § 1332(d)(4)) (emphasis omitted). "We apply a 'general rule' against entertaining arguments on appeal that were not presented or developed before the district court." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) (quoting *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1321 (9th Cir. 1998)). On the other hand, "a 'disappointed plaintiff' may attack subject matter jurisdiction for the first time on appeal . . . ." *Sentry Select Ins. Co.*, 481 F.3d at 1217 (quoting *Clinton v. City of New York*, 524 U.S. 417, 428 (1998)). Thus, whether Plaintiffs may now invoke the "local controversy" exception depends on whether that exception is jurisdictional.

The "local controversy" exception is not jurisdictional. *See Kuxhausen*, 707 F.3d at 1139 n.1 (declining to consider the CAFA exceptions *sua sponte*). The exception provides that district courts "shall decline to exercise jurisdiction" in certain circumstances. 28 U.S.C. § 1332(d)(4). But "implicit" in the statutory text "is that the court has jurisdiction, but the court . . . must decline to exercise such jurisdiction." *Serrano*, 478 F.3d at 1022.[3] Accordingly, we decline to consider Plaintiffs' "local controversy" argument because Plaintiffs failed to raise it to the district court.

---

[3] Other courts of appeals have also determined that the "local controversy" exception and the related "home state" exception are not jurisdictional. *See Gold v. N.Y. Life Ins. Co.*, —F.3d—, 2013 WL 5226183, at *3 (2d Cir. Sept. 18, 2013); *Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 536 (7th Cir. 2011); *Graphic Commc'ns Local 1B Health & Welfare Fund A v. CVS Caremark Corp.*, 636 F.3d 971, 973 (8th Cir. 2011).

## II. Joinder

In its Memorandum and Order remanding this case to state court, the district court denied Defendants' motion to dismiss for misjoinder as moot. Nevertheless, the court determined that remand to state court was necessary because the case did not involve common questions of law or fact. We agree that the First Amended Complaint does not present such common questions, and we therefore remand to the district court with instructions to dismiss without prejudice the claims of all Plaintiffs but the first named Plaintiff, Carla Visendi.

Under Federal Rule of Civil Procedure 20(a), permissive joinder of plaintiffs "is proper if (1) the plaintiffs assert[] a right to relief arising out of the same transaction and occurrence and (2) some question of law or fact common to all the plaintiffs will arise in the action." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (citing Fed. R. Civ. P. 20(a)) (emphasis omitted). Further, "[e]ven once these requirements are met, a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Id.* (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)).

The First Amended Complaint satisfies neither of Rule 20(a)'s requirements. To meet the first requirement, Plaintiffs' claims must arise from "the same transaction, occurrence, or series of transactions or occurrences . . . ." Fed. R. Civ. P. 20(a)(1)(A). By its terms, this provision requires factual similarity in the allegations supporting Plaintiffs' claims. Such factual similarity is absent here. This case involves over 100 distinct loan transactions with

many different lenders. These loans were secured by separate properties scattered across the country, and some of the properties, but not all, were sold in foreclosure. While Plaintiffs allege in conclusory fashion that Defendants' misconduct was "regular and systematic," their interactions with Defendants were not uniform. Factual disparities of the magnitude alleged are too great to support permissive joinder. *See Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (collecting cases).

Nor do Plaintiffs' claims present "any question of law or fact common to all plaintiffs . . . ." Fed R. Civ. P. 20(a)(1)(B). Plaintiffs own separate and unrelated properties across the country, they entered into separate loan transactions, and their dealings with Defendants were necessarily varied. Nothing unites all of these Plaintiffs but the superficial similarity of their allegations and their common choice of counsel. Further, the three claims that Plaintiffs now assert—invalid assignment, mistake, and negligence—each require particularized factual analysis. Plaintiffs merely allege that Defendants violated the same laws in comparable ways. Rule 20(a) requires more. *See Coughlin*, 130 F.3d at 1351.

Standing alone, "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Rather, "the court may at any time, on just terms, add or drop a party." *Id.* Thus, if plaintiffs fail to meet the standard for permissive joinder, "the district court may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance." *Coughlin*, 130 F.3d at 1351 (citations omitted). In appropriate cases, courts can remedy misjoinder by dismissing the claims of all but the first named plaintiff

without prejudice to the filing of individual actions. *Id.* at 150–51.

Here, severance will not prejudice Plaintiffs, as they remain free to pursue their claims individually.[4]   Any potential risk of prejudice is further minimized because "[t]he limitations periods on any claims asserted in a mass action that is removed to Federal court pursuant to [CAFA] shall be deemed tolled during the period that the action is pending in Federal court."   28 U.S.C. § 1332(d)(11)(D).   For these reasons, severing the misjoined plaintiffs is warranted.

Ordinarily, when "[t]he district court did not recognize that it had subject matter jurisdiction" over a case, we remand to the district court to allow it to address non-jurisdictional issues "in the first instance." *Maronyan v. Toyota Motor Sales, U.S.A., Inc.*, 658 F.3d 1038, 1043 n.4 (9th Cir. 2011) (citing *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005)). Here, however, the district court already determined that the First Amended Complaint did not present common questions of law or fact.  The district court's analysis was correct in this respect, and requiring the court to reconsider Defendants' misjoinder arguments would serve no purpose.  Accordingly, we decline to do so.

---

[4] We express no opinion as to whether the First Amended Complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed R. Civ. P. 12(b)(6).

## CONCLUSION

This massive, multi-plaintiff lawsuit is a prototypical mass action subject to removal under CAFA. That the plaintiffs are misjoined does not undermine federal jurisdiction. We therefore reverse the order of the district court, and remand with instructions to dismiss without prejudice the claims of all Plaintiffs but the first named Plaintiff, Carla Visendi.

**REVERSED and REMANDED, with instructions.**