**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TUGRUL GULEC,<br><br>              Plaintiff-Appellant,<br><br>  v.<br><br>THE BOEING COMPANY; et al.,<br><br>              Defendants-Appellees. | No. 15-56700<br><br>D.C. No. 2:13-cv-07144-DSF-AJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted September 26, 2017[**]

Before:     SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Tugrul Gulec appeals pro se the district court's judgment dismissing his

action alleging national origin discrimination under Title VII and other causes of

action, and related orders. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo. *Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1167 (9th Cir.

---

        [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2013) (dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim); *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011) (order granting motion for judgment on the pleadings under Fed. R. Civ. P. 12(c)). We affirm.

The district court properly dismissed Gulec's Title VII employment discrimination claim because Gulec failed to allege facts sufficient to show that he was qualified for the positions for which he applied, and that after he was rejected the positions remained available and defendants continued to review applicants with comparable qualifications. *See Lyons v. England*, 307 F.3d 1092, 1112 (9th Cir. 2002) (setting forth requirements for prima facie case of discrimination under Title VII).

The district court properly dismissed Gulec's invasion of privacy claim under California law because Gulec failed to allege facts sufficient to show that he had a reasonable expectation of privacy in light of his consent to the phone interviews. *See Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 26, 35-37 (1994) (setting forth requirements for invasion of privacy claim and stating that plaintiff "must not have manifested by his or her conduct a voluntary consent to the invasive actions of the defendant").

The district court properly dismissed Gulec's torture, antitrust, and international law claims because Gulec failed to allege facts sufficient to state plausible claims that defendants' alleged conduct amounted to torture, antitrust

15-56700

violations, or violations of international law. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

The district court properly dismissed Gulec's claim to "cancel" the statute of limitations because there is no such independent cause of action under state or federal law.

The district court did not abuse its discretion by denying Gulec leave to amend because amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (district court may dismiss a pro se complaint without leave to amend if "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by granting severance due to misjoinder because Gulec's claims against defendants do not arise "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20; *see also* Fed. R. Civ. P. 21 (court may drop parties and sever claims in case of misjoinder); *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013) (holding that plaintiffs' interactions with the defendants were not uniform and the factual disparities alleged were too great to support permissive joinder).

The district court did not abuse its discretion by denying Gulec's motion to vacate the settlement under Federal Rule of Civil Procedure 60(b)(3) because Gulec failed to establish that Boeing misled or coerced him into signing the

15-56700

settlement agreement.  *See* Fed. R. Civ. P. 60(b)(3) (court may relieve party from judgment or order due to fraud, misrepresentation, or misconduct by an opposing party).  The district court did not abuse its discretion by declining to consider Gulec's contentions, raised for the first time in his reply brief, that the settlement agreement is unconscionable and violates California Business and Professions Code § 16600.  *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

**AFFIRMED.**