**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 11 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-10127 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-01379-FRZ-BGM-1 |
| v. | |
| ELSA LIDIDA AUDELO-MARQUEZ, AKA Elsa L. Audelo-Marquez, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted March 4, 2019[**]
Phoenix, Arizona

Before:  CLIFTON, IKUTA, and FRIEDLAND, Circuit Judges.

After a jury trial, Elsa Lidia Audelo-Marquez ("Audelo-Marquez") was

convicted of conspiring to transport illegal aliens for profit with endangerment

("Count One") and the transportation of illegal aliens for profit with endangerment

("Counts Two and Three") in violation of 8 U.S.C. § 1324(a)(1).  At sentencing,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the district court calculated the advisory guideline range to be 27 to 33 months but varied downward to sentence Audelo-Marquez to a sentence of 12 months and one day imprisonment. Audelo-Marquez appeals her conviction on sufficiency of the evidence grounds and her sentence on the grounds that the district court erred in granting an enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 2L1.1(b)(6) and in failing to grant a reduction under § 3E1.1. Because the Government presented sufficient evidence that both of the men transported by Audelo-Marquez were unlawfully in the United States and because the district court did not abuse its discretion at sentencing, we affirm.

"[C]ircumstantial evidence can be used to prove any fact, including facts from which another fact is to be inferred, and is not to be distinguished from testimonial evidence insofar as the jury's fact-finding function is concerned." *United States v. Stauffer*, 922 F.2d 508, 514 (9th Cir. 1990) (internal quotation marks and citation omitted). We have specifically held that the Government is not required to produce direct evidence, either through testimony or documentation, to prove the alienage of an individual allegedly transported in violation of 8 U.S.C. § 1324(a)(1). *See United States v. Noriega-Perez*, 670 F.3d 1033, 1037-40 (9th Cir. 2012). Testimony of material witnesses also alleged to have been unlawfully transported with the non-testifying individual and other circumstantial evidence, such as the circumstances of apprehension, can be sufficient evidence of alienage. *Id.*

Here, Audelo-Marquez argues that the Government failed to produce sufficient evidence at trial that one of the two men she transported was illegally in the United States. But the jury was presented with evidence that the man was at a known stash house before he was found in Audelo-Marquez's trunk and that he was hiding at a border checkpoint; Audelo-Marquez's own testimony that she had driven down that day to transport two undocumented individuals; and testimony from the other man that Audelo-Marquez transported in her trunk about the circumstances of the journey, including that he was born in Mexico and had paid to enter the United States unlawfully. Viewed in the light most favorable to the prosecution, *id.* at 1037, the material witness testimony and the "circumstances [of the non-testifying individual's apprehension] that strongly suggested [he] had recently been smuggled into the United States," *id.* at 1039, sufficed for a rational jury to find beyond a reasonable doubt that he was unlawfully in the United States.

The district court also did not abuse its discretion in applying the § 2L1.1(b)(6) enhancement, which is triggered "[i]f the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person." U.S.S.G. § 2L1.1(b)(6). A district court abuses its discretion in applying a particular guideline to the facts of a given case if the court's conclusion is "illogical, implausible, or without support in inferences that may be drawn from facts in the record." *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1175 (9th Cir. 2017) (en banc) (quoting *United States v. Hinkson*, 585 F.3d

3

1247, 1251 (9th Cir. 2009 (en banc)). Audelo-Marquez drove a vehicle at 75 miles per hour with two individuals in the car trunk, which was closed for at least part of the trip on a day where the temperature was around 100 degrees. Even if Audelo-Marquez took steps to mitigate the risk of harm to the two men in her trunk, it was not "illogical, implausible, or without support" in the record for the district court to conclude that she "intentionally or recklessly create[ed] a substantial risk of death or serious bodily injury to another person." U.S.S.G. § 2L1.1(b)(6).

Finally, the court did not abuse its discretion in refusing to grant the acceptance of responsibility reduction under § 3E1.1. Although a district court may not hold that a defendant who elects to go to trial is per se ineligible for the reduction, *see United States v. Ramos-Medina*, 706 F.3d 932, 940 (9th Cir. 2013), the court did not do so here. Nor did the district court clearly err in concluding that Audelo-Marquez's challenges to the dangerousness and recklessness of her actions established that she did not demonstrate sincere contrition for her crimes.[1] *See id.*

**AFFIRMED**.

---

[1] Audelo-Marquez makes an argument for the first time on appeal that relies on a sealed part of the record. We decline to exercise our discretion to consider this argument given that the district court did not have the opportunity to address it. *See Tibble v. Edison Int'l*, 843 F.3d 1187, 1193 (9th Cir. 2016) (en banc) ("Generally, we do not 'entertain[] arguments on appeal that were not presented or developed before the district court.'" (quoting *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 869 (9th Cir. 2013))).