NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 28 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICKY W. MANNING, | No.    18-16517 |
| Petitioner-Appellant, | D.C. No. 3:17-cv-07017-SK |
| v. | |
| UNITED STATES DEPARTMENT OF DEFENSE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Sallie Kim, Magistrate Judge, Presiding

Submitted December 5, 2019**
San Francisco, California

Before:  SILER,*** CLIFTON, and BYBEE, Circuit Judges.

Petitioner-Appellant Ricky W. Manning appeals from the district

court's dismissal of his case against Respondent-Appellee, the United States

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Department of Defense ("DOD"), and from the district court's subsequent denial of his motion to transfer. Manning contends that the district court erred in dismissing his case because it was required to transfer it under 28 U.S.C. § 1631. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

We review de novo a district court's dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *McNamara-Blad v. Ass'n of Prof'l Flight Attendants*, 275 F.3d 1165, 1169 (9th Cir. 2002). We review a district court's denial of a motion to transfer for abuse of discretion, *Westside Prop. Owners v. Schlesinger*, 597 F.2d 1214, 1220 (9th Cir. 1979), and its alleged failure to exercise discretion in not transferring a case for abuse of discretion, *Cent. Valley Typographical Union No. 46 v. McClatchy Newspapers*, 762 F.2d 741, 745-46 (9th Cir. 1985) (abrogated on other grounds by *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193 (2000)).

Manning failed to request transfer to the Federal Circuit prior to the district court's entry of judgment, thus waiving his right to request transfer on appeal. In general, courts do not "entertain[ ] arguments on appeal that were not presented or developed before the district court." *Tibble v. Edison Int'l*, 843 F.3d 1187, 1193 (9th Cir. 2016) (en banc) (quoting *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 869 (9th Cir. 2013)). "A plaintiff who makes a claim for injunctive relief in his complaint, but fails to raise the issue in response to a defendant's motion to

dismiss . . . has effectively abandoned his claim, and cannot raise it on appeal." *Walsh v. Nev. Dep't. of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006).

Manning argues that because the district court had access to the parties' motions before the Federal Circuit, in which Manning expressed an intention to return to the Federal Circuit should the district court find his appeal untimely, he adequately raised the issue of transfer. However, Manning's subsequent representations before the district court belie this claim. Far from adequately raising the issue of transfer, Manning took the opposite position in his response to the DOD's motion to dismiss—that he had not intended to abandon his discrimination claim, and that jurisdiction was therefore proper only in the district court. Moreover, the motion to transfer was raised a month after the court had granted the DOD's motion and closed the case. The district court properly struck Manning's motion to transfer after determining that it had no authority to reopen a closed case and transfer it to the Federal Circuit.

Even if Manning had not waived the right to request transfer, we would affirm the district court's rulings. A Rule 12(b)(6) motion to dismiss is appropriate where, as here, "the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). An appeal from the Merit Systems Protection Board

18-16517

("MSPB") alleging discrimination claims must be brought in federal court within thirty days of receipt of the final decision. 5 U.S.C. § 7703(b)(2). *See also Lee v. Sullivan*, 787 F. Supp. 921, 927 (N.D. Cal. 1992). The plain language of the transfer statute indicates that a transferred matter proceeds as though it was filed in the transferee court "on the date upon which it was actually filed in or noticed for the court from which it is transferred." 28 U.S.C. § 1631. Accordingly, the district court properly treated Manning's case as if it had been filed on February 21, 2017. As sixty-three days had passed since Manning's notice of the MSPB's decision, his filing was not timely.

Manning argued that because the MSPB issued its final order after 120 days, he was entitled under 5 U.S.C. § 7702(e)(l) to file his petition "at any time." The district court correctly concluded that once the MSPB rendered a decision, on day 314, the regularly prescribed statute of limitations applied. *See Butler v. West*, 164 F.3d 634, 643 n.17 (D.C. Cir. 1999).

Manning also argued that he was entitled to equitable tolling because the MSPB allegedly failed to adequately inform him that his was a "mixed case" which could only be heard in the district court. The district court properly held that the mere fact that the MSPB notice did not contain the words "mixed case" did not render it deficient.

Manning maintains that the Federal Circuit incorrectly concluded that he had not abandoned his discrimination claim and therefore should have retained jurisdiction. But the propriety of the Federal Circuit's decision was not before the district court, and is not before this court on appeal. Upon receiving the transferred "mixed case," the district court properly found Manning's appeal untimely and dismissed it.

**AFFIRMED.**

18-16517