NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 19 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRYAN MADEIRA, an individual, and on behalf of others similarly situated,

No.    20-55958

Plaintiff-Appellee,

D.C. No.
5:19-cv-00154-CJC-SP

v.

CONVERSE, INC., a Delaware corporation,

MEMORANDUM[*]

Defendant-Appellant.

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted October 15, 2020[**]
Pasadena, California

Before:  MURGUIA and OWENS, Circuit Judges, and SETTLE,[***] District Judge.

Converse, Inc. appeals the district court's order remanding the case to state

court.  The remand was issued *sua sponte* after the district court denied Bryan

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

Madeira's motion for class certification, reasoning that the court no longer had jurisdiction under the Class Action Fairness Act ("CAFA"). We reverse.

We have jurisdiction to hear this appeal under CAFA. 28 U.S.C. § 1453(c). We review the district court's order remanding the case back to state court for lack of CAFA jurisdiction de novo. *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1090 (9th Cir. 2010); *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 867 (9th Cir. 2013). The district court's refusal to exercise supplemental jurisdiction over a state claim is reviewed for an abuse of discretion. *San Pedro Hotel Co., Inc. v. City of L.A.*, 159 F.3d 470, 478 (9th Cir. 1998).

Madeira filed a class action in state court alleging state law claims for wage-and-hour violations and a cause of action under the California Private Attorneys General Act ("PAGA"). Converse removed the case to federal court under CAFA. Madeira filed a motion for class certification, and when the district court denied Madeira's motion it *sua sponte* remanded the entire action back to state court reasoning that it no longer had jurisdiction under CAFA.

Where, as here, jurisdiction was proper at the time of removal, subsequent dismissal of class claims does not defeat the court's CAFA jurisdiction over remaining individual claims. *United Steel*, 602 F.3d at 1092 ("[A] district court's subsequent denial of Rule 23 class certification does not divest the court of

jurisdiction, and it should not remand the case to state court."); *Visendi*, 733 F.3d at 868. The district court therefore erred in remanding Madeira's individual claims for lack of jurisdiction.

However, unlike the individual claims subject to CAFA jurisdiction at the time of removal, the district court did not have original jurisdiction over the PAGA claims. Instead, the district court had discretion to either exercise supplemental jurisdiction over the PAGA claims or remand them back to state court. 28 U.S.C. § 1367(a), (c). The district court did not provide a reason for declining supplemental jurisdiction over the PAGA claims, but such an omission is not an abuse of discretion. *San Pedro Hotel*, 159 F.3d at 478–79.

However, in the interest of judicial economy, we invite and encourage the district court to re-evaluate whether to exercise supplemental jurisdiction over the PAGA claims in light of our holding that it must adjudicate Madeira's individual claims. If upon re-evaluation the district court declines to exercise supplemental jurisdiction over the PAGA claims, it should indicate which § 1367(c) exception underlies its decision and elaborate on its reasoning to permit a more meaningful review in the event that decision is appealed.

**REVERSED** and **REMANDED**.