**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KOREY AARSTAD; SCOTT A. ALBERT; MARK D. ANDERSON; DAVID B. ANDERSON; ALBERT C. ANDERSON; CHARLES H. ASHLEY, Jr.; JOHN E. BACHE; CECIL F. BACHE, P.R. Glenda Larson; LINDA J. BACKEN; DANIEL P. BACKEN; RANDALL W. BAETH; RICHARD D. BARNETT; GERALD L. BASS; DOUGLAS K. BIBB; DONNA M. BLACK; JIMMY R. BLIXT; SHELLEY A. BOURSAW; RHONDA R. BRAATEN; GLENN L. BREDESON; DARLENE K. BRESE, P.R. Jack Brese; MICHAEL E. BROOKS; DANIEL W BROSSMAN; HAZEL M. BROSSMAN; DOUGLAS L. BROWN; KIRK C. BRUS; ROBBIN R. BUTKUS; JAMES E BUTLER; LARRY L. CALLOWAY; JOSEPH G. CAMP; HERMINE M. CAMPBELL, P.R. Joseph Campbell; JAMES T. CARABIN, Sr.; JOHN E. CARLOCK; BETSY E CARPENTER; GORDON V. CARR; CHERI L. CARR; VIOLET M. CARROLL; KEITH CASSEL; DAVID L. CHAPEL; RUTH A. CHOATE; WENDY D. CHRISTENSEN; BRIAN L. COLDIRON; ROBERT A. COLEMAN; KATHERINE M. CRAIGMILE; STUART G. CRISMORE; KURT C. CROUCHER; CYMON A. CURTISS; ROBERT L. DAY; ROXANN L. | No.   20-35805<br><br>D.C. No.<br>4:17-cv-00072-BMM-JTJ<br><br>MEMORANDUM[*] |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

DENTLINGER; DAVID L. DONEY; LINDA L. DORRINGTON; TODD A. DOTSON; KENNETH L. DRAKE; SHERI A. EDWARDS; ROBERT C. ENGEBRETSON; KELLY W. EVANS; RHONDA S. FARNES; DEBRA J. FERCH; RONALD A. FOOTE; ALTON O. FORE; RALPH E. FOX; ANITA F. FUND, PR - Alvin Funk; DALE L. GINGER; KRISTINE A. GODSEY; JOSEPH A. GOSTNELL; RICK L. GULLINGSRUD; WAYNE W. HARTMANN; DIANNA L. HAYWOOD; JOEL B. HEFTY; JEANETTE H. HOFFMAN; CHERI L. JAVORSKY; ROBERT J. JAVORSKY; RAMONA J. JELLESED; JIMMY D. JOHNSON; MELODY L. JOHNSON; ORVILLE D. JOHNSON, PR - Brenda Neuman Brunscher; DARALD E. KELLEY; SANDRA S. KENELTY; DAVID A. KINGERY; BENJAMIN F. KLIN; LYNN M. KOSKELA; LEONARD H. KOSKELA; BRADLEY L. LABELLE; LEE S. LAMPTON; LINDA L. LMAPTON; SIDNEY L. LEIR; DAVID L. LEIM; DEBORAH K. LOOMIS; STEVEN R. MADISON; TERRY D. MAGONE; SANDRA J. MAILE; LINDA A. MASTERSON; DAVID D. MCDONALD; ROBERTA J. MCNULTY; MARGARET A. MOLINELLI; NORMA T. MUNRO; SHARON L. MUNSON; SANDRA D. MURCH; SHAYNE A. NELSON; KEVIN R. NEUBAUER; SHIRLEY M. NIXON; SCOTT N. NOBLE; PAULETTE D. NOSLER; PATRICK H. O'BRIEN; DRILDA J. O'BRIEN; MARK D. OLSEN; WADE L. OLSON; JOHN M. O'NEILL; CARL L. ORSBORN; LYNDEEN J.

OSBORNE; MICHAEL J. PARKER; BETTY L. PENNOCK, PR - Alfred Pennock; GREG W. PHILLIPS; DALE B. PHILLIPS; WAYNE B. POSSELT; JAMES M. POWERS, Sr.; A. TONY PRICE; DENNIS G. QUINN; DANIEL K. QUINN; ALLAN V. RANDALL; ALVIN G. RANDALL; CLAYTON R. RAYSON; PAT N. RAYSON; STEVEN J. RICHARD; ROBERTS JOELLEN; TODD E. ROBINS; GERALD D. ROBINS; JUNE J. ROOSE; VALERIE D. ROOT; CLAIRE C. ROSE; WILLIAM R. ROWBERRY; PEGGY S. RUFF; PATRICK H. RYAN; REBECCA J. SALLER; SALVADOR F. SARACINO; MARVIN C. SATHER; KATHLEEN E. SCHAREN; DIETMAR G. SCHAUSS; HAROLD L. SCHIELE; JEFFREY M. SHELTON; LEONARD K. SHOEMAKER; BETTY A. SIKES; DAVID W. SKRANAK; FLORENCE E. SLATER; DONALD RAY SMITH; BRENDA S. STAMPER; TERRY L. STEIGER; TIMBER K. STEVENS; ELLIS D. STEWART; GLENN N. STUBBS; MELVIN G. SUNDT; THOMAS V. SWEARINGEN; HUGH E. SWIMLEY; LEE ANN SWITZER; DANIEL W. TORGISON; BETTY R. VAN ALSTINE; G. MICHAEL VAN ALSTINE; BETTY F. VINION; JULIE A. VOLKENAND; LANA M. WALEN; DEBBRA K. WELCOME; PEGGY A. KELLEY; STEVEN R. MAGONE; GREG MCNULTY; REBECCA N. MESSICK; JESSIA M. PARKER; STEVEN J. RIDDLE; MARY A. STINEBACK; THOMAS D. THOMPSON; GEORGE L. WEST; SUE C. WEST; EDWIN B. WESTON; SARA A. WHITEHOUSE; ROBERT D. WILBURN;

LARRY J. WILEY; DAVID M.
WILLIAMS; CLARENCE J. WINN;
HAROLD M. WISE; JUDY M. WOLLER;
PATRICK J. YOUSO; DAVID J. ZWANG;
DEBRA K. CHAMBERLAIN; MICHAEL
D. CHAPMAN; MICHAEL J.
CLAIRMONT; DELBERT L. COLLINS;
WESLEY M. DECKER; MARK D.
DODGE; SUZANNE DODGE;
CLARENCE HUNTER; SAMMY L.
KNOWLES; SHIRLEY Y. KOSKELA;
CAROL A. LOCKWOOD; GROVER W.
LOCKWOOD,

        Plaintiffs-Appellees,

 v.

BNSF RAILWAY COMPANY, a Delaware
corporation; JOHN SWING,

        Defendants-Appellants.

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted October 16, 2020
San Francisco, California

Before: McKEOWN and NGUYEN, Circuit Judges, and VITALIANO,** District
Judge.

---

    **     The Honorable Eric N. Vitaliano, United States District Judge for the
Eastern District of New York, sitting by designation.

BNSF Railway and John Swing appeal the district court's order remanding this action to state court based on the "local controversy" exception to jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(4)(A). We have jurisdiction under 28 U.S.C. § 1453(c). Reviewing the district court's application of the local controversy exception de novo and its underlying factual findings for clear error, *see Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883, 886 (9th Cir. 2013), we affirm.[1]

1.    The district court correctly determined that this action qualifies as a mass action because, among other reasons, it involves "monetary relief claims of 100 or more persons [that] are proposed to be tried jointly." 28 U.S.C. § 1332(d)(11)(B)(i). Regardless of whether "100 or more persons" have present injuries sufficient to give rise to Article III standing, this numerical threshold "refers to actual named parties" rather than parties with an interest in the litigation. *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 173 (2014). By filing a single complaint without indicating otherwise, the 192 plaintiffs here implicitly proposed a joint trial. *See Briggs v. Merck Sharp & Dohme*, 796 F.3d 1038, 1048 (9th Cir. 2015) ("[I]mplicit proposals may trigger CAFA's removal jurisdiction.").

---

[1] BNSF's motion to extend its brief deadline (docket entry no. 9) is denied as moot.

2.   BNSF and Swing forfeited their first three contentions.[2]  The magistrate judge made a factual finding that "greater than two-thirds of the [plaintiffs]" are Montana citizens.  28 U.S.C. § 1332(d)(4)(A)(i)(I); *see Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1015 (9th Cir. 2011).  By failing to object in the district court, BNSF in effect "waive[d] a challenge to that finding."  *In re Grand Jury Subpoena*, 357 F.3d 900, 910 (9th Cir. 2004).

The magistrate judge also concluded that plaintiffs seek "significant relief" from Swing, and that his alleged conduct formed "a significant basis" for plaintiffs' claims.  28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa)–(bb).  BNSF and Swing failed to timely object to these conclusions in the district court.  *See* 28 U.S.C. § 636(b)(1) (setting a 14-day deadline); D. Mont. L.R. 72.3(b) (same).  While not determinative, this failure "is a factor to be weighed" in the forfeiture analysis.  *In re Grand Jury Subpoena*, 357 F.3d at 910 (quoting *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998)).

BNSF and Swing were on notice that forfeiture was at issue in the prior appeal because plaintiffs raised the issue.  Yet on remand to the district court, BNSF and Swing did not address the "significant relief" or "significant basis" criteria in their supplemental brief.  When they first raised their objections to the

---

[2] Because the existence of a local controversy does not affect the district court's subject matter jurisdiction, the issue is subject to waiver and forfeiture.  *See Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 869 (9th Cir. 2013).

magistrate judge's conclusions on these two issues—in their objections to the magistrate judge's supplemental findings and conclusions, which did not address "significant relief" or "significant basis"—more than two years had passed. Neither plaintiffs nor the district court had notice that BNSF and Swing intended to litigate these issues on remand, and the district court never addressed the substance of BNSF and Swing's objections. Under these circumstances, BNSF and Swing have forfeited the issues. *See Mosier v. Stonefield Josephson, Inc.*, 815 F.3d 1161, 1172 (9th Cir. 2016) ("Normally, we do not consider on appeal issues not properly raised before the district court.").

3.  BNSF and Swing challenge the district court's finding that the "principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in" Montana. 28 U.S.C. § 1332(d)(4)(A)(i)(III). Although plaintiffs' allegations concern injuries incurred in Montana, BNSF and Swing argue that the district court failed to consider BNSF's out-of-state "related conduct" and the injuries that it produced.[3]

---

[3] To the extent BNSF and Swing argue that the district court erred by failing to consider defendant Robinson Insulation's conduct outside Montana, they waived that argument. In their objections to the magistrate judge's supplemental findings, BNSF and Swing stated that it was "unclear" why the magistrate judge made findings regarding Robinson Insulation because their argument concerned BNSF's out-of-state conduct.

In crafting the local controversy exception, Congress considered environmental disasters the archetype of "principal injuries" occurring in the forum state. *See* S. Rep. No. 109-14, at 40 (2005). The fact that BNSF may have caused injuries in other communities around the country by improperly handling vermiculite there is unrelated to BNSF's alleged actions in and around Libby, Montana. BNSF and Swing provided no evidence that the injuries suffered in Montana resulted from a corporate policy of malfeasance that affected victims nationwide. Even if such a policy existed, the single out-of-state alleged victim they identify is far from sufficient to show that the district court clearly erred in finding that the principal injuries from BNSF's conduct were incurred in Montana.

**AFFIRMED.**