NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| 118 AVA, LLC, | No. 22-56115 |
| Plaintiff-Appellee, | D.C. No. 2:22-cv-08048-DDP-JPR |
| v. | |
| PAULINE CLAY HUNTER; CHRISTOPHER HUNTER, | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted February 13, 2025**
San Francisco, California

Before: FRIEDLAND, BENNETT, and BADE, Circuit Judges.

Defendants-Appellants Pauline Clay Hunter and Christopher Hunter appeal

the district court's denial of their Emergency Ex Parte Application for a Temporary

Restraining Order ("TRO Application") and remand of their action to state court

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for lack of subject matter jurisdiction. We review de novo district court orders remanding a case to state court for lack of subject matter jurisdiction. *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 867 (9th Cir. 2013). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. The district court correctly held that removal was improper because it lacked subject matter jurisdiction. A defendant may remove from state to federal court any civil action over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). The district court has subject matter jurisdiction over all civil actions between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000, *id.* § 1332, and "all civil actions arising under the Constitution, laws, or treaties of the United States," *id*. § 1331. "For a case to arise under federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) (quotation marks omitted) (quoting *Peabody Coal Co. v. Navajo Nation*, 373 F.3d 945, 949 (9th Cir. 2004)).

Here, the district court lacked subject matter jurisdiction over the state court suit. There is no diversity jurisdiction because the amount in controversy is less than $75,000 and because the parties are not completely diverse. And there is no

2

federal question jurisdiction because Plaintiff's sole cause of action (*i.e.*, unlawful detainer) arises out of state—not federal—law, and Plaintiff's right to relief did not "depend[] on the resolution of a substantial question of federal law." *Id*. (quoting *Peabody Coal Co.*, 373 F.3d at 949).

To the extent that Defendants' TRO Application attempts to raise federal constitutional claims against state actors who are not parties to this case, those claims would need to be brought in a separate action. And to the extent Defendants' TRO Application attempts to assert constitutional counterclaims against private actor 118 Ava, LLC, even if those claims were nonfrivolous, they could not be the basis for removal under 28 U.S.C. § 1441. *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) ("[R]emovability cannot be created by defendant pleading a counter-claim presenting a federal question." (quoting *Rath Packing Co. v. Becker*, 530 F.3d 1295, 1303 (9th Cir. 1975), *aff'd on other grounds sub nom.*, *Jones v. Rath Packing Co.*, 430 U.S. 519 (1977))); *K2 Am. Corp.*, 653 F.3d at 1029 ("Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated."). The district court therefore did not err in remanding this case to state court.

2. Defendants' Request for Notice of Lis Pendens is **DISMISSED** for lack of jurisdiction.

**AFFIRMED.**

3